The STATE of Ohio, Appellee,

v.

WRIGHT, Appellant.

[Cite as *State v. Wright* (2000), 137 Ohio App.3d 88.]

Court of Appeals of Ohio,
Eleventh District, Ashtabula County.

No. 98–A–0104.

Decided March 22, 2000.

*Anthony J. Zampedro,* Conneaut Law Director, and *Lori B. Lamer,* Assistant Conneaut Law Director, for appellee.

*Dennis M. Reid,* Ashtabula County Assistant Public Defender, for appellant.

FORD, Presiding Judge.

Appellant, Duane A. Wright, appeals the Conneaut Municipal Court's judgment entry finding him guilty of operating a motor vehicle in violation of R.C. 4511.19(A)(3).

Late in the evening of August 12, 1998, Patrolman Stephen Perkio, a police officer employed by the city of Conneaut Police Department, was dispatched to the scene of a possible fight at the Clark Mini Mart on State Street in Conneaut, Ohio. Upon arriving at the scene, Patrolman Perkio observed appellant standing on the driver's side of his vehicle with the door open and his left foot on the ground and with one arm on top of the automobile and the other arm on the door. Appellant's right foot was inside the automobile. The vehicle was not running, but the headlights were on and the keys were in the ignition. Appellant was "having words with some gentlemen on the corner that were riding by."

Patrolman Perkio recognized appellant's vehicle as one that nearly struck his automobile forty minutes earlier, as he was on his way to work (there was no citation issued for that incident). Patrolman Perkio then approached appellant and spoke with him briefly. During their discussion, Patrolman Perkio observed that the odor of an alcoholic beverage emanated from appellant, that his eyes were bloodshot and watery, that his speech was slurred, and that he was unstable on his feet. Consequently, appellant was administered a field sobriety test. The results of the field sobriety test were not made part of the record; rather, appellant stipulated that "Field Sobriety Tests were administered and later a breathalyzer, .145 was administered." Appellant also stated that he had consumed a few beers earlier that night, in response to a question from Patrolman

Perkio.    Ultimately, appellant was cited for driving in violation of R.C. 4511.19(A)(1) and (A)(3).

On September 14, 1998, appellant filed a motion to suppress the introduction into evidence of the results of the arrest and charges against him on that basis that they were made without probable cause or a warrant.   On October 19, 1998, the trial court conducted a hearing on appellant's motion to suppress and issued a judgment entry denying the motion because appellant was "operating" a motor vehicle under Ohio case law.

On November 2, 1998, appellant appeared in court with his attorney and entered a plea of no contest.   The court accepted his plea and found him guilty of operating a motor vehicle in violation of R.C. 4511.19(A)(3).   As this constituted appellant's fourth conviction of an offense in violation of R.C. 4511.19(A), the trial court sentenced appellant to (1) a term of incarceration in the Ashtabula County Jail for a period of six months, with three months suspended on the condition that he not commit any other offense within the next five years, (2) pay a fine of $300 plus court costs no later than February 1, 1999, and (3) have his driver's license suspended for a period of five years.   The trial court stayed appellant's sentence until this court decided this appeal.

On November 30, 1998, appellant instituted this appeal and assigned the following as error:

"The court erred in overruling [appellant's] motion to suppress."

Appellant claims that the trial court erred in determining that his actions constituted operation of a motor vehicle given the circumstances of this matter. Appellant further contends that Patrolman Perkio's observation of his supposed erratic driving earlier in the evening does not establish a nexus between the time of operation and degree of intoxication.   Thus, it is argued that the trial court erred in overruling appellant's motion to suppress.

Appellant was found guilty of violating R.C. 4511.19(A)(3), which states:

"(A) No person shall operate any vehicle, streetcar, or trackless trolley within this state, if any of the following apply:

"* * *

"(3) The person has a concentration of ten-hundredths of one gram or more by weight of alcohol per two hundred ten liters of his breath * * *."

In *State v. Cleary* (1986), 22 Ohio St.3d 198, 22 OBR 351, 490 N.E.2d 574, paragraphs one and two of the syllabus, the Supreme Court of Ohio upheld the appellant's conviction for driving under the influence, and wrote:

"1.    Operation of a motor vehicle within the contemplation of R.C. 4511.19(A) is a broader term than driving and a person in the driver's position in the front

seat of the vehicle with the key in the ignition while under the influence of alcohol or any drug of abuse can be found in violation of the statute.

"2. Entering a motor vehicle, putting the key in the ignition and starting and engaging the engine in a stationary position are sufficient acts to constitute operation within the meaning of R.C. 4511.19(A)(1)."

In *State v. Gill* (1994), 70 Ohio St.3d 150, 637 N.E.2d 897, the Ohio Supreme Court expanded the holding in *Cleary* to permit a conviction under R.C. 4511.19(A) in situations in which the engine is not running. Specifically, the Supreme Court held:

"A person who is in the driver's seat of a motor vehicle with the ignition key in the ignition and who, in his or her body has a prohibited concentration of alcohol, is 'operating' the vehicle within the meaning of R.C. 4511.19 whether or not the engine of the vehicle is running." *Id.* at syllabus.

In support of its holding in *Gill*, the Supreme Court of Ohio reasoned, "A clear purpose of R.C. 4511.19 is to discourage persons from putting themselves in the position in which they can potentially cause the movement of a motor vehicle while intoxicated or under the influence of a drug of abuse." *Id.* at 154, 637 N.E.2d at 900. Implicit in the court's reasoning is an acknowledgment that a person who is intoxicated and seated in the driver's seat with the key in the ignition need do little more than turn the key in order to set the vehicle in motion.

Important to rendering a decision in the instant matter is an understanding of this court's ruling in *Kirtland v. Andrews* (Aug. 27, 1999), Lake App. No. 98–L–137, unreported, 1999 WL 689757. In that case, a police officer was dispatched to the scene of a possible abandoned vehicle. Upon approaching the vehicle, the officer noticed that the appellant was sitting in the front side passenger's seat with the passenger door open and his feet hanging outside. The officer further testified that the right front tire was shredded, the keys were on the roadway at the feet of the appellant, and the appellant smelled of alcohol and slurred his speech. The appellant failed the field sobriety tests that were administered to him, and he refused to take a breathalyzer test.

Ultimately, this court reversed the appellant's conviction for two reasons: (1) the car keys were not in the ignition, and (2) he was not found in the driver's seat. This court wrote the following in support of our reversal:

"This court has previously analyzed the decisions of the Supreme Court and concluded that 'the Ohio Supreme Court [has] established a bright line test which confines "operation" of a parked vehicle within the meaning of R.C. 4511.19 to those instances in which the key is in the ignition.' * * * We further stated, 'this

bright line test extends only to those instances where the offender is found in the driver's seat.' "

In *Andrews,* we also recognized that keys are not required to be in the ignition to support a conviction under R.C. 4511.19 when the state demonstrates that the automobile at issue was capable of being operated without a key.

In the case *sub judice,* the record indicates that Patrolman Perkio observed appellant standing on the driver's side of his vehicle with the door open and his left foot on the ground, while his right foot was positioned inside. Also, appellant rested one arm on top of the automobile and the other arm on the door. Finally, the engine was not running, but the headlights were on and the keys were in the ignition.

In *Andrews,* this court concluded that the rule of law set forth in *Gill* and *Cleary* requires that appellant must have been found sitting in the driver's seat with the key in the ignition, unless the vehicle was operable without a key, and his body must have had a prohibited concentration of alcohol. The facts of this case show that although appellant's keys were in the ignition, he was not found sitting in the driver's seat.

Thus, although Patrolman Perkio could have perhaps ordered appellant to submit to field sobriety tests for the purpose of arresting him for public intoxication, there could not have been a legal arrest of appellant for operating a vehicle in violation of R.C. 4511.19(A)(3), since there was no evidence in the record that appellant had been driving the automobile. Therefore, there was no legal basis for requiring appellant to submit to a breathalyzer examination. Accordingly, the trial court erred in failing to suppress the arrest and charges against him. Consequently, appellant's assignment of error is well taken.

For the foregoing reasons, the judgment of the Conneaut Municipal Court is reversed and judgment is entered for appellant.

*Judgment reversed.*

NADER and WILLIAM M. O'NEILL, JJ., concur.