[Cite as *Cleveland v. Dumas*, 2013-Ohio-4600.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 99558**

## CITY OF CLEVELAND

PLAINTIFF-APPELLEE

vs.

## ROCKWELL DUMAS

DEFENDANT-APPELLANT

**JUDGMENT:**
REVERSED AND REMANDED

Criminal Appeal from the
Cleveland Municipal Court
Case No. 2012 TRC 033938

**BEFORE:** Kilbane, J., Rocco, P.J., and McCormack, J.

**RELEASED AND JOURNALIZED:** October 17, 2013

**ATTORNEY FOR APPELLANT**

Paul Mancino, Jr.
75 Public Square
Suite 1016
Cleveland, Ohio 44113-2098

**ATTORNEYS FOR APPELLEE**

Victor R. Perez
Chief City Prosecutor
Ashley Garrett
Assistant City Prosecutor
Justice Center - 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

MARY EILEEN KILBANE, J.:

**{¶1}** Defendant-appellant, Rockwell Dumas, appeals from his convictions for driving under the influence and operating a vehicle under suspension, in violation of the Cleveland Codified Ordinances. Defendant-appellant argues that there is insufficient evidence to support the convictions, and that he was denied due process of law when the court overruled his motion for judgment of acquittal on the charges. Defendant-appellant's motion for acquittal was meritorious, so we reverse the trial court's judgment and remand the case for the trial court to vacate the convictions.

**{¶2}** On May 18, 2012, defendant was charged with driving under the influence of alcohol or drugs, in violation of Cleveland Codified Ordinances 433.01; driving under suspension, in violation of Cleveland Codified Ordinances 435.07; failure to comply, in violation of Cleveland Codified Ordinances 403.02; and failure to wear a seat belt, in violation of Cleveland Codified Ordinances 437.27. Defendant pled not guilty.

**{¶3}** On September 28, 2012, defendant filed a motion to suppress asserting that he was purportedly stopped for a violation for failure to comply with a lawful order, and "a private person has no authority to arrest for a misdemeanor offense."

**{¶4}** On January 9, 2013, the trial court denied the motion to suppress, and the matter was heard to the bench on January 18, 2013.

**{¶5}** Cleveland police officer Jose Torres ("Officer Torres") testified that at approximately 2:30 p.m., on June 6, 2012, he responded to a call to assist an off-duty

uniformed officer who was directing traffic at a construction site at East 105th Street and Yale Avenue. As Officer Torres arrived, he observed that off-duty officer Samuel Ortiz ("Officer Ortiz") had stopped defendant's vehicle and was assisting the defendant to stand up. Officer Torres helped defendant walk to the zone car, obtained identification from him, and conducted a LEADS check. Upon receiving the LEADS report, Officer Torres, who is not LEADS certified, determined that the defendant's driver's license had been suspended from March 18, 2005 to March 18, 2007, for failure to obtain insurance, and that his license had never been reinstated. The defendant refused the officer's request that he take a breathalyzer test.

{¶6} The court found the defendant guilty of the charges of driving while under the influence of alcohol and driving under suspension, but acquitted him of the remaining charges. On the charge of driving while under the influence of alcohol, the court sentenced the defendant to 180 days in jail with 177 days suspended, and fined the defendant $1,000 with $625 suspended. The court also placed the defendant on one year of active probation and suspended his driver's license for six months. On the charge of driving under suspension, the trial court sentenced the defendant to 180 days in jail, suspended, and fined the defendant $1,000 with $850 suspended.

{¶7} The defendant now appeals and assigns five errors for our review.

Assignment of Error One

Defendant was denied due process of law when the court overruled his motion for judgment of acquittal.

**{¶8}** Pursuant to Crim.R. 29(A), a court shall not order an entry of judgment of acquittal if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proven beyond a reasonable doubt. *State v. Bridgeman*, 55 Ohio St.2d 261, 381 N.E.2d 184 (1978), syllabus. An issue will be presented to the jury if the evidence, viewed in the light most favorable to the government, is such that a reasonable mind might fairly find guilt beyond a reasonable doubt. *Id.* at 263; *see also State v. Thompkins*, 78 Ohio St.3d 380, 386, 678 N.E.2d 541 (1997).

**{¶9}** The elements of driving while under the influence are set forth in Cleveland Codified Ordinances Section 433.01 as follows:

No person shall operate any vehicle within the city, if any of the following apply:

(1) The person is under the influence of alcohol, a drug of abuse, or alcohol

and a drug of abuse.

**{¶10}** Pursuant to Cleveland Codified Ordinances Section 401.15, driver or operator is defined as "every person who drives or is in actual physical control of a vehicle * * *." R.C. 4511.194(A)(2) defines "physical control" as "being in the driver's position of the front seat of a vehicle and having possession of the vehicle's ignition key or other ignition device."

**{¶11}** In *State v. Cleary*, 22 Ohio St.3d 198, 199, 490 N.E.2d 574 (1986), the Ohio Supreme Court held that the

operation of a motor vehicle within the contemplation of R.C. 4511.19(A) is a broader term than driving, and a person in the driver's position in the front seat of the vehicle with the key in the ignition while under the influence of alcohol or any drug of abuse can be found in violation of the statute.

*See also State v. Gill,* 70 Ohio St.3d 150, 152, 1994-Ohio-403, 637 N.E.2d 897.

**{¶12}** Therefore, when the car has been parked, "operation" of the vehicle is found within the meaning of R.C. 4511.19 where the key is found in the ignition and the offender is in the driver's seat. *See, e.g., State v. Wright*, 137 Ohio App.3d 88, 91, 738 N.E.2d 61 (11th Dist.2000).

**{¶13}** Effective January 1, 2004, the term "operate," as used in R.C. Chapter 4511, "means to cause or have caused movement of a vehicle * * *." R.C. 4511.01(HHH). Thus, movement must be found by the finder of fact. *State v. Ware*, 8th Dist. Cuyahoga No. 96327, 2011-Ohio-5665; *State v. Schultz*, 8th Dist. Cuyahoga No. 90412, 2008-Ohio-4448.

**{¶14}** In this matter, the city did not present testimony from Ortiz, the off-duty officer. The city maintained that Ortiz observed the defendant driving and stopped his vehicle. Officer Torres, the only witness for the city, stated that when he arrived the defendant was standing outside the vehicle, in a parking lot near the construction site. Officer Torres testified that he never saw the defendant inside the car at any time. On this record, there was no evidence that the engine was running and no evidence that the key was in the ignition; therefore, there was no evidence that the defendant operated the vehicle. The requisite elements were not established, and the conviction for operating a

motor vehicle while under the influence of alcohol in violation of Cleveland Codified Ordinances 433.01 were not established.

{¶15} The elements of driving under suspension are set forth in Cleveland Codified Ordinances Section 435.07, which provides:

No person, whose operator's right or permit to operate a motor vehicle, * * * has been suspended or revoked under the provisions of Ohio R.C. Chapter 4507 (Driver's License law), or under the provisions of Ohio R.C. 4509 (Financial Responsibility law), * * * shall, during the effective dates of such suspension or revocation, * * * drive any motor vehicle upon the streets or highways in the City.

{¶16} In this matter, the LEADS check established that the defendant's driver's license had been suspended from March 18, 2005, to March 18, 2007, for failure to obtain insurance, and the license was never reinstated. Upon Officer Torres's arrival, just a few moments later, the off-duty officer had the vehicle stopped and the defendant outside of the vehicle, in a parking lot near the construction site. Again, Officer Torres testified that he never saw the defendant inside the car. The city did not present testimony from Ortiz, who the city maintained observed the defendant driving and stopped his vehicle. On this record, there was no evidence that the engine was running, no evidence that the key was in the ignition, and no evidence that the defendant had driven the vehicle. Therefore, there is insufficient evidence to support the conviction for driving while under a license suspension in violation of Cleveland Codified Ordinances 435.07.

{¶17} In accordance with the foregoing, this court is compelled to reverse both the conviction for driving under the influence and driving while under a license suspension. We recognize the seriousness of the charges at issue, but because of the lack of evidence that defendant actually operated a vehicle, under the broadest definition of that term, there is insufficient evidence to support the convictions. The city's witness failed to establish that the defendant had driven the vehicle. He could only establish that defendant was standing outside of the vehicle, and there was no evidence that the engine was running or that the key was in the ignition. As a matter of law, the convictions for driving under the influence and driving while under a license suspension are lacking essential elements to support the convictions. This assignment of error is well taken.

{¶18} Defendant's second, third, fourth and fifth assignments of error state:

Assignment of Error Two

Defendant was denied due process of law when the court overruled defendant's motion to suppress without the submission of evidence by the City of Cleveland.

Assignment of Error Three

Defendant was denied his constitutional rights of confrontation and cross-examination when the court permitted hearsay and allowed testimony from unauthenticated documents.

Assignment of Error Four

Defendant was denied due process of law when costs were assessed when nothing was said concerning costs at sentencing.

Assignment of Error Five

Defendant was denied due process of law when the court imposed sentence without allowing defendant his right of allocution.

**{¶19}** In light of our disposition of the first assignment of error, we overrule the remaining assignments of error as moot. *See* App.R. 12(A)(1)(c).

**{¶20}** The judgment is reversed and remanded to the trial court to vacate the defendant's convictions.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cleveland Municipal Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MARY EILEEN KILBANE, JUDGE

KENNETH A. ROCCO, P.J., and
TIM McCORMACK, J., CONCUR