OPINION
{¶ 1} John D. Ozinga appeals from the judgment of the Ashtabula County Court of Common Pleas, denying his motion to suppress, and finding him guilty, on a plea of no contest, to operating a vehicle while under the influence of alcohol, in violation of R.C. 4511.19(A)(1)(d), a third degree felony. We affirm.
 {¶ 2} The following narrative of events is drawn from the police report of Mr. Ozinga's arrest, to which the parties stipulated. *Page 2 
 {¶ 3} January 20, 2007, at about 2:07 a.m., Patrolman Palinkas of the city of Geneva Police Department noticed a green truck parked parallel to the road at Joe's Auto Body. The truck's lights were on, and the engine running. Spotting someone in the driver's seat, the patrolman knocked on the driver's side window. He received no response. The patrolman knocked again, whereupon the person in the driver's seat (Mr. Ozinga) opened his eyes, looked towards the patrolman, then closed his eyes again.
 {¶ 4} The patrolman opened the door of the truck, whereupon Mr. Ozinga awoke, and asked where he was. Patrolman Palinkas replied he was in Geneva. Mr. Ozinga looked around, then told the patrolman he was allowed there, since he knew Joe. Patrolman Thomas arrived on scene. Mr. Ozinga told Patrolman Palinkas he was going from Painesville, home. When asked where he lived, Mr. Ozinga replied, "Madison."
 {¶ 5} Patrolman Palinkas alleged in his report that Mr. Ozinga was difficult to understand, due to heavy slurring of his speech. He further reported that Mr. Ozinga's eyes were bloodshot and glassy.
 {¶ 6} The patrolman asked Mr. Ozinga whether he had been drinking. Mr. Ozinga did not reply. The patrolman reached inside the truck, turned off the ignition key, and asked Mr. Ozinga to exit. Mr. Ozinga did so, allegedly with difficulty. The patrolman asked Mr. Ozinga how much he had imbibed that night, to which the latter replied it did not matter, as he had not driven to the spot. The patrolman did not notice any foot prints leading to or exiting from the vehicle, other than his and Mr. Ozinga's (it *Page 3 
had snowed). He further remarked that the tire tacks of Mr. Ozinga's vehicle appeared fresh.
 {¶ 7} Upon being requested to perform field sobriety tests, Mr. Ozinga declined, at which point he was placed under arrest. A search of Mr. Ozinga's truck revealed numerous items on the passenger's seat, indicating only the driver's seat had been recently occupied.
 {¶ 8} Mr. Ozinga was not cooperative following his arrest. He passed out on the way to the city jail. He was frequently belligerent during the booking process. He eventually refused to take a breathalyzer test.
 {¶ 9} It appears that Mr. Ozinga has numerous OVI arrests, including two in 2002; and, that he was driving under suspension, his driver's license having expired around 1998.
 {¶ 10} April 23, 2007, an indictment by the Ashtabula County Grand Jury was filed, charging Mr. Ozinga with violating R.C. 4511.19(A)(1)(a) and 4511.19(A)(2), both third degree felonies. February 7, 2008, Mr. Ozinga was arraigned, and pleaded not guilty. March 26, 2008, Mr. Ozinga filed his motion to dismiss the charges against him, or, alternatively, to suppress. May 1, 2008, the state filed its opposition. The parties stipulated to the facts contained in the police report.
 {¶ 11} May 6, 2008, the trial court overruled the motion to dismiss or suppress. That same day, Mr. Ozinga's written plea of no contest to Count One of the indictment, violating R.C. 4511.19(A)(1)(d), was filed. The state dismissed Count Two of the indictment. The trial court sentenced Mr. Ozinga to serve two years imprisonment, and *Page 4 
pay a fine of $800. His right to drive was suspended for three years. The trial court granted Mr. Ozinga a stay of execution pending appeal.[1]
 {¶ 12} June 4, 2008, Mr. Ozinga noticed this appeal, assigning a single error:
 {¶ 13} "The trial court erred as a matter of law when it overruled defendant-appellant's motion to dismiss the Indictment and/or suppress any and all evidence, and appellant's conviction was against the manifest weight of the evidence."
 {¶ 14} At a hearing on a motion to suppress, the trial court functions as the trier of fact. Accordingly, the trial court is in the best position to weigh the evidence by resolving factual questions and evaluating the credibility of witnesses. State v. Mills (1992),62 Ohio St.3d 357, 366; State v. Smith (1991), 61 Ohio St.3d 284, 288.
 {¶ 15} On review, an appellate court must accept the trial court's findings of fact if they are supported by some competent and credible evidence. State v. Retherford (1994), 93 Ohio App.3d 586, 592. After accepting the factual findings as true, the reviewing court must then independently determine, as a matter of law, whether the applicable legal standard has been met. Id. See, also, State v. Swank (Mar. 22, 2002), 11th Dist. No. 2001-L-054, 2002 Ohio App. LEXIS 1345, at 7-8. We must recall that the purpose of a motion to suppress is to eliminate from trial only evidence which has been obtained unconstitutionally.State v. French (1995), 72 Ohio St.3d 446, 449.
 {¶ 16} Though couched, in part, as a challenge to the sufficiency or weight of the evidence, Mr. Ozinga's principal issue on appeal squarely presents a question of law: whether the trial court applied the wrong legal standard in his case. On appeal, as in the trial court, Mr. Ozinga argues that he should have been charged for violating R.C. 4511.194, "Having physical control while under the influence," a first degree *Page 5 
misdemeanor, rather than for violating R.C. 4511.19, which prohibits operating a vehicle while under the influence. Mr. Ozinga notes that R.C. 4511.194 prohibits being in the driver's seat of a motor vehicle and having possession of the ignition key or other ignition device, see, e.g., R.C. 4511.194(A)(2) and (B); while to "operate" a vehicle, as required in violating R.C. 4511.19, "means to cause or have caused movement of a vehicle * * *[.]" R.C. 4511.01(HHH). Mr. Ozinga argues there is no evidence that he had "caused" the vehicle he was found in to move.
 {¶ 17} We find the opinion of the Eighth District Court of Appeals inState v. Schultz, 8th Dist. No. 90412, 2008-Ohio-4448, at ¶ 25, instructive:
 {¶ 18} "Today, the difference between an OVI and a physical control violation, besides the penalties, is that an OVI requires actual movement of the vehicle, whereas a physical control violation does not. After January 1, 2004, if there is no evidence that the person moved or caused the vehicle to move, that person cannot be convicted of OVI, but may be convicted of being in physical control of a vehicle while under the influence. Still, a person who is found passed out in his vehicle on the side of the highway may be convicted of an OVI because a jury could infer that the vehicle was moved to that location. However, if a person decides to `sleep it off in the parking lot of the bar where the person drank, the person could be convicted only of a physical control violation, unless there is evidence of movement."
 {¶ 19} In this case, Mr. Ozinga stipulated to the facts alleged by Patrolman Palinkas in his report of the arrest. Further, by pleading no contest, Mr. Ozinga admitted the truth of the facts alleged in his indictment. Cf. Crim. R. 11(B)(2). Mr. Ozinga's truck was parked at Joe's Auto Body in Geneva; Mr. Ozinga told the patrolman *Page 6 
he was on his way from Painesville to his home in Madison; he told the patrolman that he had not driven the truck to Joe's; the tire marks indicating where the truck had been driven through the snow were fresh; there were no footprints in the snow leading away from the truck; the passenger's seat was covered with various items. From these facts, the trial court, as trier of fact on the motion to suppress, could infer that Mr. Ozinga "operated" — i.e., "caused movement" — of his truck. R.C. 4511.01(HHH).
 {¶ 20} The trial court never made this inference of movement. Rather, it concluded, as a matter of law, that merely starting the ignition constituted "operation" of the truck. Clearly, this would have been correct under the former common law definitions for operation of a motor vehicle, promulgated in such cases as State v. Cleary (1986),22 Ohio St.3d 198; State v. McGlone (1991), 59 Ohio St.3d 122; and State v.Gill (1994), 70 Ohio St.3d 150. However, now that operation requires a showing of movement, R.C. 4511.01(HHH), it appears that, in denying a motion to suppress in an OVI case, a trial court needs to make a finding, on the evidence before it, that movement likely occurred.
 {¶ 21} In a nutshell, by concluding that mere ignition of a vehicle constitutes operation, the trial court applied the wrong legal standard in this case. Nevertheless, we are constrained to affirm its denial of the motion to suppress. Both by stipulation, and by his plea, Mr. Ozinga admitted the underlying facts, from which the trial court could clearly infer he had caused his truck to move. "Where the indictment * * * contains sufficient allegations to state a felony offense and the defendant pleads no contest, the court must find the defendant guilty of the charged offense." State v. Bird (1998), 81 Ohio St.3d 582, 584, citing State ex rel. Stern v. Mascio (1996), 75 Ohio St.3d 422, 425. *Page 7 
An indictment is sufficient if it tracks the language found in the charging statute. Id. at 585. In this case, Count One of the indictment against Mr. Ozinga, to which he pleaded no contest, sufficiently follows the charging statute.
 {¶ 22} Mr. Ozinga also presents issues regarding the alleged insufficiency of the evidence under the indictment, and the alleged insufficiency of the bill of particulars in this case. We respectfully disagree. The stipulated facts contained in Patrolman Palinkas' report are clearly sufficient to support an inference that Mr. Ozinga drove his truck while intoxicated, to Joe's Auto Body. We agree that the bill of particulars was insufficient, since it did not allege Mr. Ozinga operated his vehicle within the parameters set by statute, but note that bills of particulars may be amended at any time. Cf. Crim. R. 7(E). Further, having stipulated to the facts as recorded by the patrolman, such an amendment would not have prejudiced Mr. Ozinga.
 {¶ 23} We respectfully note our agreement with the learned trial court, which admonished Mr. Ozinga that he obviously has a serious drinking problem, which he needs to learn to control, both for his own good, and particularly, that of others.
 {¶ 24} The assignment of error lacks merit.
 {¶ 25} The judgment of the Ashtabula County Court of Common Pleas is affirmed.
 {¶ 26} It is the further judgment of this court that appellant is assessed costs herein taxed.
 {¶ 27} The court finds there were reasonable grounds for this appeal.
MARY JANE TRAPP, J., concurs,
DIANE V. GRENDELL, P.J., concurs in judgment only.
[1] Peculiarly, the transcript of the "plea and sentencing hearing" is dated May 14, 2008. *Page 1