[Cite as *In re D.S.*, 2013-Ohio-4565.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| IN RE: D.S. | : | APPEAL NO. C-130094<br>TRIAL NO. 13-518 Z |
| | : | *O P I N I O N.* |

Criminal Appeal From:  Hamilton County Juvenile Court

Judgment Appealed From Is:  Reversed and Cause Remanded

Date of Judgment Entry on Appeal:  October 16, 2013

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Ronald W. Springman*, Assistant Prosecuting Attorney, for Appellant,

*Michael Buschbacher*, for Appellee.

Please note:  this case has been removed from the accelerated calendar.

Per Curiam.

{¶1}    The state of Ohio appeals from the trial court's judgment dismissing a complaint against D.S. following a discretionary bindover hearing. For the following reasons, we reverse the trial court's judgment and remand this cause for further proceedings.

## The Bindover Hearing

{¶2}    D.S. was charged with a committing an act that, had it been committed by an adult, would have constituted the crime of aggravated robbery with an accompanying firearm specification. The state moved to bind D.S. over to the general division of the common pleas court. At the probable-cause portion of the bindover proceeding, the state presented the testimony of the alleged victim, James Dupree, and investigating police officer Jessica Petree.

{¶3}    Dupree testified that he was robbed at gunpoint in an alleyway by three individuals. He identified D.S. in court as one of the boys who had robbed him. Dupree stated that D.S.'s co-defendant, D.P., had pulled out a silver gun and then had demanded Dupree's money. According to Dupree, D.S. was present during the entire robbery and had taken the money from him.

{¶4}    Petree testified that she had obtained photographs from business surveillance cameras near the scene of the crime. Several of the pictures showed a boy that matched the description of a suspect that Dupree had given to police. Through further investigation, Petree determined that the boy in the pictures may have been D.P. D.P. was brought in for questioning, and he confessed to robbing Dupree. He also implicated D.S. in the crime, claiming that D.S. had supplied D.P. with a silver .22 or .25 caliber gun, that D.S. had been with him during the robbery, and that D.S. had done

all of the talking. D.P. was sure that the gun was real because he saw that the clip of the gun had bullets in it. Based on this lead, Petree interviewed D.S.. According to Petree, D.S. admitted that he had stolen Dupree's money. But D.S. told Petree that he had not realized that D.P. had had a gun until D.P. used it during the robbery.

{¶5} The defense thoroughly cross-examined the state's witnesses but presented no evidence of its own. Following the hearing, the trial court ruled that the state had not presented sufficient evidence to establish probable cause that D.S. had committed the crime of aggravated robbery and it dismissed the complaint against him.

### The Standard of Review

{¶6} To establish probable cause that a juvenile committed an offense, the state must provide credible evidence of every element of the offense that "raises more than a mere suspicion of guilt, but need not provide evidence proving guilt beyond a reasonable doubt." *State v. Iacona*, 93 Ohio St.3d 83, 93, 752 N.E.2d 937 (2001). On appeal, where a trial court has made findings of fact, this court generally defers to those findings and reviews de novo whether the findings establish probable cause as a matter of law. *In re A.J.S.*, 120 Ohio St.3d 185, 2008-Ohio-5307, 897 N.E.2d 629, ¶ 51. Here, however, the trial court made no findings. It instead ruled that there was insufficient evidence to establish probable cause and it dismissed the state's complaint on that basis. Sufficiency presents a question of law. *State v. Thompkins*, 78 Ohio St.3d 380, 386, 678 N.E.2d 541 (1997). We therefore examine the record de novo to determine if the state presented sufficient evidence to support a probable-cause finding.

{¶7} In the context of this case, a sufficiency inquiry requires us to examine the evidence presented in a light most favorable to the state and determine whether any rational trier of fact could have found that there was a fair probability that D.S. had

3

committed the crime of aggravated robbery with a firearm specification. *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus; *State v. George*, 45 Ohio St.3d 325, 329, 544 N.E.2d 640 (1989).

## Sufficiency of the Evidence

{¶8}    Here, the victim of the robbery identified D.S. as one of the robbers. And the state presented evidence that D.S. had confessed to the crime and that his co-defendant, D.P., had implicated him in the robbery. D.P. also claimed that D.S. had supplied him with the gun used in the robbery. This was sufficient evidence to establish a "fair probability" that D.S. had robbed Dupree at gunpoint or that he had acted as an accomplice to the crime. *See* R.C. 2903.03; *State v. Johnson*, 93 Ohio St.3d 240, 754 N.E.2d 796, (2001) syllabus.

## Conclusion

{¶9}    For these reasons, we sustain the state's assignment of error. The trial court's judgment that the state had failed to establish probable cause at D.S.'s bindover hearing and its subsequent dismissal of the state's complaint on that basis is reversed. This case is remanded to the trial court to set D.S.'s case for an amenability hearing.

Judgment reversed and cause remanded.

**HENDON, P.J., HILDEBRANDT** and **CUNNINGHAM, JJ.**


Please note:
        The court has recorded its own entry on the date of the release of this opinion.