COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| | | JUDGES: |
| STATE OF OHIO | : | Hon. Sheila G. Farmer, P.J. |
| | : | Hon. W. Scott Gwin, J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, P.J. |
| | : | |
| -vs- | : | |
| | : | Case No. 2015CA00226 |
| CHARLES T. ANTHONY | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:          Criminal appeal from the Canton Municipal
                                                          Court, Case No. 2015-TRC-3571


JUDGMENT:                                    Affirmed


DATE OF JUDGMENT ENTRY:        May 9, 2016

APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

JOSEPH MARTUCCIO                  EARLE E. WISE, JR.
CANTON LAW DIRECTOR           122 Central Plaza North
                                                      Canton, OH 44702
TYRONE HAURITZ
CANTON CITY PROSECUTOR
218 Cleveland Ave. S.W.
Canton, OH 44701-4218

KELLY PARKER
ASSISTANT CITY PROSECUTOR
218 Cleveland Ave. S.W.
Canton, OH 44701-4218

*Gwin, J.,*

{¶1}   Appellant Charles T. Anthony ["Anthony"] appeals his conviction and sentence after a jury trial in the Canton Municipal Court on  one count OVI in violation of R.C. 4511.19(A)(1)(a).

*Facts and Procedural History*

{¶2}   On May 25, 2015, Judith Frederick drove past the intersection of Market Avenue and Sixth Street North in Canton, Ohio.  Ms. Frederick observed Anthony's disabled SUV.  Anthony was seated in the front driver's seat and a female was seated in the front passenger seat.  Ms. Frederick did not stop at this time because she was alone.  She continued north on Market Avenue to pick up her son.  Approximately ten minutes later, Ms. Frederick, now traveling south on Market Avenue stopped to assist Anthony.  At this time, she again observed Anthony in the front driver's side seat and a female in the front passenger's side seat.  Ms. Frederick identified Anthony as the male in the front driver's seat.

{¶3}   Upon his arrival, Canton Police Officer Schilling found a disabled SUV in the roadway on Market Avenue at the intersection of Sixth Street North, with its hood open. Anthony was hooking jumper cables to the battery of his vehicle.  He attempted several times to start the car.  The disabled car's motor was not running.  The officer never saw the disabled car move.  The officer noted Anthony had an odor of alcohol on his person and his speech was slurred.

{¶4}   Officer Schilling called for backup.  Officers Wells and Braswell arrived on the scene and testified at trial.

{¶5}   While Officer Christopher Wells was conducting his initial investigation, Anthony appeared unsteady on his feet as he was walking around his vehicle. An odor of alcohol was on Anthony's breath.

{¶6}   Officer Braswell was equipped with a video recorder and the video (DVD) was played for the jury. On the video, Anthony appeared to be highly intoxicated and agitated.

{¶7}   Marilyn Grant, Anthony's sister, testified she witnessed Anthony leave her residence on the evening of May 25, 2016 as the passenger in his vehicle. Ms. Grant testified that a woman named Jayda or Jayla was driving.

{¶8}   Anthony testified that he was the passenger in his vehicle that was driven by a woman named Jaylo. The car stopped working at Market and Sixth while she was driving. Anthony testified that Jaylo left to summons help before the police arrived. He claimed that Jaylo resides in Atlanta, Georgia and had been in town on May 25, 2015 visiting. She returned home to Georgia after the incident. He became scared, upset and agitated at the number of officers that arrived on the scene. Anthony testified that he told the officers he had a designated driver and that she would return after calling for assistance.

{¶9}   On November 18, 2015, Anthony was convicted by a jury of one count OVI in violation of R.C. 4511.19(A)(1)(a). The conviction and sentenced were memorialized in a Judgment Entry filed by the court on November 19, 2015. Anthony was sentenced to 180 days in jail; all but 8 days suspended and was given credit for 2 days served. He was ordered to sign up, comply with Quest, and do 50 hours of community

service.  His driver's license was suspended for 6 months beginning May 25, 2015 and

he received 6 points against his license.[1]

*Assignment of Error*

**{¶10}**   Anthony raises one assignment of error,

**{¶11}**   "I. THE EVIDENCE PRESENTED AT TRIAL WAS INSUFFICIENT TO

SUSTAIN THE CONVICTION AND THE VERDICT WAS AGAINST THE MANIFEST

WEIGHT OF THE EVIDENCE."

*Law and Analysis*

**{¶12}**   Our review of the constitutional sufficiency of evidence to support a criminal

conviction is governed by *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61

L.Ed.2d 560 (1979), which requires a court of appeals to determine whether "after viewing

the evidence in the light most favorable to the prosecution, any rational trier of fact could

have found the essential elements of the crime beyond a reasonable doubt."  Id.; see also

*McDaniel v. Brown*, 558 U.S. 120, 130 S.Ct. 665, 673, 175 L.Ed.2d 582(2010) (reaffirming

this standard); *State v. Fry*, 125 Ohio St.3d 163, 926 N.E.2d 1239, 2010–Ohio–1017,

¶146; *State v. Clay*, 187 Ohio App.3d 633, 933 N.E.2d 296, 2010–Ohio–2720, ¶68.

**{¶13}**   Weight of the evidence addresses the evidence's effect of inducing belief.

*State v. Thompkins*, 78 Ohio St.3d 380, 386-387, 678 N.E.2d 541 (1997), *superseded by*

*constitutional amendment on other grounds as stated by State v. Smith,* 80 Ohio St.3d

89, 684 N.E.2d 668, 1997-Ohio–355.  Weight of the evidence concerns "the inclination of

the greater amount of credible evidence, offered in a trial, to support one side of the issue

rather than the other.  It indicates clearly to the jury that the party having the burden of

---

[1] The Judgment Entry cites a separate case (2015TRD7384) which was a distinct matter involving a traffic incident on a different date than the charge in the case at bar.

proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the greater amount of credible evidence sustains the issue, which is to be established before them. Weight is not a question of mathematics, but depends on its effect in inducing belief." (Emphasis sic.) Id. at 387, 678 N.E.2d 541, *quoting* Black's Law Dictionary (6th Ed. 1990) at 1594.

{¶14} When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a "'thirteenth juror'" and disagrees with the fact finder's resolution of the conflicting testimony. Id. at 387, 678 N.E.2d 541, *quoting Tibbs v. Florida*, 457 U.S. 31, 42, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982). However, an appellate court may not merely substitute its view for that of the jury, but must find that "'the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'" *State v. Thompkins, supra*, 78 Ohio St.3d at 387, *quoting State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717, 720–721 (1st Dist. 1983). Accordingly, reversal on manifest weight grounds is reserved for "'the exceptional case in which the evidence weighs heavily against the conviction.'" Id.

> "[I]n determining whether the judgment below is manifestly against the weight of the evidence, every reasonable intendment and every reasonable presumption must be made in favor of the judgment and the finding of facts.

> \* \* \*

> "If the evidence is susceptible of more than one construction, the reviewing court is bound to give it that interpretation which is consistent with

the verdict and judgment, most favorable to sustaining the verdict and judgment."

{¶15} *Seasons Coal Co., Inc. v. Cleveland*, 10 Ohio St.3d 77, 80, 461 N.E.2d 1273 (1984), fn. 3, *quoting* 5 Ohio Jurisprudence 3d, Appellate Review, Section 60, at 191–192 (1978).

{¶16} In the case at bar, Anthony was charged with OVI as a violation of R.C. 4511.19(A)(1)(a) ["under the influence"]. Therefore, in the case at bar, to convict Anthony, the jury would have to find that he "operated" a vehicle while under the influence of alcohol, a drug of abuse, or a combination of them. R.C. 4511.19(A)(1)(a).

**The evidence was sufficient to prove Anthony "operated" a vehicle.**

{¶17} Anthony conceded that he was intoxicated when the police approached him. 2T. at 146. Further, the evidence produced at trial supports the inference that Anthony's consumption of alcohol on the night in question adversely affected his actions, reactions, conduct, movement or mental processes or impaired his reactions to an appreciable degree, thereby lessening his ability to operate his SUV on the night in question. Accordingly, Anthony argues only that there is insufficient evidence to prove that he "operated" the SUV on May 25, 2015.

{¶18} R.C. 4511.01 provides,

(Y) "Driver or operator" means every person who drives or is in actual physical control of a vehicle, trackless trolley, or streetcar.

{¶19} Prior to the Revised Code's definition of "operate," the meaning of the term was "exclusively a matter of judicial interpretation." *State v. Wallace*, 1st Dist. Hamilton Nos. C-050530, C-050531, 2006-Ohio-2477, ¶ 8. The Ohio Supreme Court held that "[a]

person who is in the driver's seat of a motor vehicle with the ignition key in the ignition and who, in his or her body has a prohibited concentration of alcohol is 'operating' the vehicle within the meaning of R.C. 4511.19 whether or not the engine of the vehicle is running." *State v. Gill*, 70 Ohio St.3d 150, 1994-Ohio-403, 637 N.E.2d 897, syllabus.

{¶20} "Effective January 1, 2004, the term 'operate,' as used in R.C. Chapter 4511, 'means to cause or have caused movement of a vehicle * * *.' R.C. 4511.01(HHH). This modification narrows the definition of 'operate,' which effectively eliminates 'drunk radio listeners, or people who use their cars as a four-wheeled, heated hotel room' from being convicted of OVI. *Gill*, 70 Ohio St.3d at 157-158, 637 N.E.2d 897 (Pfeifer, J., dissenting)." *State v. Barnard*, 5th Dist. Stark No. 2010-CA-00082, 2010-Ohio-5345, ¶25, *quoting State v. Schultz*, 8th Dist. Cuyahoga No. 90412, 2008-Ohio-444, ¶ 19. (Footnotes omitted).

{¶21} "Notably, and in relation to movement of a vehicle, R.C. 4511.01(HHH) employs both the present tense ('to cause') and, alternatively, the past tense (to 'have caused'), in defining the conduct to which that section applies. The past tense indicates action already completed. For purposes of R.C. 4511.19, to 'have caused' movement of a vehicle is a fact that may be proved by circumstantial evidence, which inherently possesses the same probative value as direct evidence. *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492." *State v. Halpin*, 2nd Dist. Clark App. No. 07CA78, 2008-Ohio-4136, ¶ 24; *Barnard,* 2010-Ohio-5345, ¶29.

{¶22} As our brethren in the Eight District has recognized,

Today, the difference between an OVI and a physical control violation, besides the penalties, is that an OVI requires actual movement of

the vehicle, whereas a physical control violation does not.  After January 1, 2004, if there is no evidence that the person moved or caused the vehicle to move, that person cannot be convicted of OVI, but may be convicted of being in physical control of a vehicle while under the influence.  Still, a person who is found passed out in his vehicle on the side of the highway may be convicted of an OVI because a jury could infer that the vehicle was moved to that location.  However, if a person decides to "sleep it off" in the parking lot of the bar where the person drank, the person could be convicted only of a physical control violation, unless there is evidence of movement.

*State v. Schultz*, 8th Dist. Cuyahoga No. 90412, 2008-Ohio-444, 25.

**{¶23}**   In the case at bar, the evidence produced at trial established beyond a reasonable doubt that the SUV belonged to Anthony.  The evidence further established that the vehicle was disabled on a public street.  Ms. Fredrick testified that on two occasions ten minutes apart she observed Anthony in the driver's seat of the SUV.  Officer Schilling testified that he observed Anthony attaching jumper cable to the SUV.  No one else at the scene claimed to have driven the SUV to the location where it broke down.

**{¶24}**   If the state relies on circumstantial evidence to prove an essential element of an offense, it is not necessary for "such evidence to be irreconcilable with any reasonable theory of innocence in order to support a conviction." *State v. Jenks*, 61 Ohio St.3d 259, 272, 574 N.E.2d 492(1991), paragraph one of the syllabus, *superseded by State constitutional amendment on other grounds as stated in State v. Smith*, 80 Ohio St.3d 89, 684 N.E.2d 668(1997). Circumstantial evidence and direct evidence inherently possess the same probative value [.]" *Jenks,* 61 Ohio St.3d at paragraph one of the

syllabus.   Furthermore, "[s]ince circumstantial evidence and direct evidence are indistinguishable so far as the jury's fact-finding function is concerned, all that is required of the jury is that i[t] weigh all of the evidence, direct and circumstantial, against the standard of proof beyond a reasonable doubt."  *Jenks*, 61 Ohio St.3d at 272, 574 N.E.2d 492.  While inferences cannot be based on inferences, a number of conclusions can result from the same set of facts.  *State v. Lott*, 51 Ohio St.3d 160, 168, 555 N.E.2d 293(1990), *citing Hurt v. Charles J. Rogers Transp. Co,* 164 Ohio St. 329, 331, 130 N.E.2d 820(1955).  Moreover, a series of facts and circumstances can be employed by a jury as the basis for its ultimate conclusions in a case.  *Lott*, 51 Ohio St.3d at 168, 555 N.E.2d 293, *citing Hurt,* 164 Ohio St. at 331, 130 N.E.2d 820.

**{¶25}**   Viewing the evidence in a light most favorable to the prosecution, we conclude that a reasonable person could have found beyond a reasonable doubt that Anthony "operated" the SUV.   We hold, therefore, that the state met its burden of production regarding each element of the crime of OVI in violation of R.C. 4511.19(A)(1)(a) and, accordingly, there was sufficient evidence to support Anthony's conviction.

**{¶26}**   As an appellate court, we are not fact finders; we neither weigh the evidence nor judge the credibility of witnesses.   Our role is to determine whether there is relevant, competent and credible evidence, upon which the fact finder could base his or her judgment.  *Cross Truck v. Jeffries*, 5th Dist. Stark No.  CA–5758, 1982 WL 2911(Feb. 10, 1982).  Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence.  *C.E. Morris Co. v. Foley Construction*, 54 Ohio St.2d

279, 376 N.E.2d 578(1978).  The Ohio Supreme Court has emphasized: "'[I]n determining whether the judgment below is manifestly against the weight of the evidence, every reasonable intendment and every reasonable presumption must be made in favor of the judgment and the finding of facts. * * *.'"  *Eastley v. Volkman*, 132 Ohio St.3d 328, 334, 972 N.E.2d 517, 2012-Ohio-2179, *quoting Seasons Coal Co., Inc. v. Cleveland*, 10 Ohio St.3d 77, 80, 461 N.E.2d 1273 (1984), fn. 3, quoting 5 Ohio Jurisprudence 3d, Appellate Review, Section 603, at 191–192 (1978).  Furthermore, it is well established that the trial court is in the best position to determine the credibility of witnesses.  *See, e.g., In re Brown*, 9th Dist. Summit No.  21004, 2002–Ohio–3405, ¶ 9, *citing State v. DeHass*, 10 Ohio St.2d 230, 227 N.E.2d 212(1967).

{¶27}  Ultimately, "the reviewing court must determine whether the appellant or the appellee provided the more believable evidence, but must not completely substitute its judgment for that of the original trier of fact 'unless it is patently apparent that the fact finder lost its way.'"  *State v. Pallai*, 7th Dist. Mahoning No. 07 MA 198, 2008-Ohio-6635, ¶31, *quoting State v. Woullard*, 158 Ohio App.3d 31, 2004-Ohio-3395, 813 N.E.2d 964 (2nd Dist. 2004), ¶ 81.  In other words, "[w]hen there exist two fairly reasonable views of the evidence or two conflicting versions of events, neither of which is unbelievable, it is not our province to choose which one we believe."  *State v. Dyke*, 7th Dist. Mahoning No. 99 CA 149, 2002-Ohio-1152, at ¶ 13, *citing State v. Gore*, 131 Ohio App.3d 197, 201, 722 N.E.2d 125(7th Dist. 1999).

{¶28}  The weight to be given to the evidence and the credibility of the witnesses are issues for the trier of fact.  *State v. DeHass*, 10 Ohio St.2d 230, 227 N.E.2d 212(1967), paragraph one of the syllabus; *State v. Hunter*, 131 Ohio St.3d 67, 2011-Ohio-6524, 960

N.E.2d 955, ¶118. *Accord, Glasser v. United States*, 315 U.S. 60, 80, 62 S.Ct. 457, 86 L.Ed. 680 (1942); *Marshall v. Lonberger*, 459 U.S. 422, 434, 103 S.Ct. 843, 74 L.Ed.2d 646 (1983).

**{¶29}** Although Anthony testified that he had not driven the SUV on the night in question, the jury as the trier of fact was free to accept or reject any and all of the evidence offered by the parties and assess the witness's credibility. "While the jury may take note of the inconsistencies and resolve or discount them accordingly * * * such inconsistencies do not render defendant's conviction against the manifest weight or sufficiency of the evidence." *State v. Craig*, 10th Dist. Franklin No. 99AP-739, 1999 WL 29752 (Mar 23, 2000) *citing State v. Nivens*, 10th Dist. Franklin No. 95APA09-1236, 1996 WL 284714 (May 28, 1996). Indeed, the jury need not believe all of a witness' testimony, but may accept only portions of it as true. *State v. Raver*, 10th Dist. Franklin No. 02AP-604, 2003-Ohio-958, ¶21, *citing State v. Antill*, 176 Ohio St. 61, 67, 197 N.E.2d 548 (1964); *State v. Burke*, 10th Dist. Franklin No. 02AP-1238, 2003-Ohio-2889, *citing State v. Caldwell*, 79 Ohio App.3d 667, 607 N.E.2d 1096 (4th Dist. 1992). Although the evidence may have been circumstantial, we note that circumstantial evidence has the same probative value as direct evidence. *State v. Jenks, supra.*

**{¶30}** We find that this is not an "'exceptional case in which the evidence weighs heavily against the conviction.'" *Thompkins*, 78 Ohio St.3d at 387, 678 N.E.2d 541, *quoting Martin*, 20 Ohio App.3d at 175, 485 N.E.2d 717. The jury neither lost his way nor created a miscarriage of justice in convicting Anthony of the charge.

**{¶31}** Based upon the foregoing and the entire record in this matter, we find Anthony's conviction was not against the sufficiency or the manifest weight of the

evidence. To the contrary, the jury appears to have fairly and impartially decided the matters before them. The jury as a trier of fact can reach different conclusions concerning the credibility of the testimony of the state's witnesses and Anthony and his witnesses. This court will not disturb the jury's finding so long as competent evidence was present to support it. *State v. Walker*, 55 Ohio St.2d 208, 378 N.E.2d 1049 (1978). The jury heard the witnesses, evaluated the evidence, and was convinced of Anthony's guilt.

{¶32} Finally, upon careful consideration of the record in its entirety, we find that there is substantial evidence presented which if believed, proves all the elements of the crime of OVI in violation of R.C. 4511.19(A) (1)(a) beyond a reasonable doubt.

{¶33} Anthony's sole assignment of error is overruled.

{¶34} For the foregoing reasons, the judgment of the Canton Municipal Court, Stark County, Ohio is affirmed.

By Gwin, J.,

Farmer, P.J., and

Wise, J., concur