[Cite as *State v. Anderson*, 2017-Ohio-8641.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-160920 |
| | | TRIAL NO. 16TRC-37598 |
| Plaintiff-Appellee, | : | |
| vs. | : | *O P I N I O N.* |
| JONATHAN ANDERSON, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From: Hamilton County Municipal Court

Judgment Appealed From Is: Reversed and Appellant Discharged

Date of Judgment Entry on Appeal: November 22, 2017

*Paula Boggs Muething*, City Solicitor, *Natalia Harris*, City Prosecutor, and *Christopher Liu*, Assistant City Prosecutor, for Plaintiff-Appellee,

*Raymond T. Faller,* Hamilton County Public Defender*,* and *Demetra Stamatakos,* Assistant Public Defender, for Defendant-Appellant.

**DETERS, Judge.**

{¶1} Defendant-appellant Jonathan Anderson appeals his conviction, following a bench trial, for operating a motor vehicle while intoxicated ("OVI") in violation of R.C. 4511.19(A)(1)(a). In two assignments of error, he challenges the sufficiency and weight of the evidence adduced to support his conviction. Because the state failed to present sufficient evidence that Anderson had "operated" his vehicle, we reverse his conviction and discharge him from further prosecution.

### State's Evidence at the Bench Trial

{¶2} At the bench trial, the state presented testimony from Cincinnati firefighters and paramedics Jeffrey Nienhaus, Daniel Drescher, and Chris Kieffer and Cincinnati police officer Justin Bittinger. Nienhaus, Drescher, and Kieffer testified that around 6:00 p.m. on September 9, 2016, they had responded to a report of a possible overdose in the parking lot at a city recreational facility. Upon their arrival, they found Anderson sitting in the driver's seat of a vehicle in the parking lot. He was unconscious. His head was tilted backward; he was sweaty and pale; his breathing was abnormally slow; and his pupils were pinpoint. Based on their training and experience, they suspected that Anderson had overdosed on an opiate.

{¶3} Kieffer testified that the driver's side door of the vehicle was open. He walked to the passenger side, pulled the keys out of the ignition, and placed them on the roof of the vehicle. Kieffer could not recall if the vehicle was running, but he did not think that it was. Nienhaus and Drescher testified that Anderson was the only occupant in the vehicle and the engine was not running.

{¶4} Nienhaus administered oxygen to Anderson, while Drescher administered a dose of Narcan. When Anderson did not respond, Drescher administered a second dose of Narcan intravenously. Anderson became responsive and

his pupils dilated back to normal. Anderson was confused and unable to respond to questioning, so he was transported to the hospital for further treatment.

{¶5} Officer Bittinger testified that when he arrived on the scene, the firefighters and paramedics were treating Anderson for a suspected opiate overdose. They told Officer Bittinger that they had given Anderson two doses of Narcan to revive him. After Anderson was transported to the hospital, Officer Bittinger searched Anderson's vehicle, but he did not find any drug paraphernalia. He then had Anderson's vehicle towed.

{¶6} Officer Bittinger later spoke with Anderson at the hospital. He read Anderson his *Miranda* rights and BMV form 2555, which sets forth the administrative penalties for refusing to submit to chemical testing. Anderson denied operating the vehicle. He provided Officer Bittinger with the name of the person he claimed had operated the vehicle, but he refused to submit to a chemical test or to answer further questions.

{¶7} Officer Bittinger testified that he had cited Anderson for OVI based on the statements of the treating firefighters and paramedics that they had discovered Anderson unconscious in the driver's seat of the vehicle with the keys in the ignition and they had to administer two doses of Narcan to revive him. He explained that it was typical for drug paraphernalia to be in close vicinity when a person has been abusing opiates. Officer Bittinger testified that "based on [his] training and experience, it was apparent to [him] that [Anderson had] overdosed and had operated his vehicle to that point while under the influence."

{¶8} At the close of the state's evidence, Anderson moved for a judgment of acquittal, arguing that the state had failed to prove that he had operated the vehicle while he was impaired. The trial court denied Anderson's motion. Anderson did not

testify in his defense or present any evidence. Following closing argument, the trial court found Anderson guilty. It sentenced him to 180 days in jail with credit for 46 days, and imposed a $375 fine, court costs and a three-year license suspension. Anderson filed a motion to stay his sentence pending this appeal, which the trial court denied.

### *Insufficient Evidence of Operability*

{¶9}   In his first assignment of error, Anderson contends the evidence was insufficient to support his OVI conviction.

{¶10}  When reviewing the sufficiency of the evidence to support a criminal conviction, this court must examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus. "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Id.* "Whether the evidence is legally sufficient to sustain a verdict is a question of law." *State v. Thompkins*, 78 Ohio St.3d 380, 386, 678 N.E.2d 541 (1998). When reviewing the sufficiency of the evidence, we employ a de novo standard of review. *In re D.S.*, 1st Dist. Hamilton No. C-130094, 2013-Ohio-4565 , ¶ 6.

{¶11}  Anderson was convicted of OVI in violation of R.C. 4511.19(A)(1)(a), which provides that "[n]o person shall operate any vehicle * * * if at the time of the operation * * * [t]he person is under the influence of * * * a drug of abuse * * * ." Anderson argues the state failed to provide any evidence that he was "operating" a motor vehicle while under the influence of a drug of abuse.

{¶12} In *State v. Wallace*, 166 Ohio App.3d 845, 2006-Ohio-2477, 853 N.E.2d 704, ¶ 8 (1st Dist.), this court explained that prior to 2004, there was no statutory definition of the term "operate" in R.C. 4511.19(A)(1)(a). Rather, its meaning had been exclusively a matter of judicial interpretation. We recognized that the Supreme Court had defined the term broadly to encompass more than driving when it held that "a person in the driver's position in the front seat with the ignition key in his possession indicating either his actual or potential movement of the vehicle while under the influence of alcohol or any drug of abuse can be found" to have violated R.C. 4511.19(A)(1). *Wallace* at ¶ 9, quoting *State v. Cleary*, 22 Ohio St.3d 198, 199, 490 N.E.2d 574 (1986); *see State v. McGlone*, 59 Ohio St.3d 122, 570 N.E.2d 1115 (1991).

{¶13} We recognized that subsequently in *State v. Gill*, 70 Ohio St.3d 150, 637 N.E.2d 897 (1994), syllabus, the Supreme Court had held that "[a] person who is in the driver's seat of a motor vehicle with the ignition key in the ignition and who, in his or her body has a prohibited concentration of alcohol, is 'operating' the vehicle within the meaning of R.C. 4511.19 whether or not the engine of the vehicle is running." *See Wallace* at ¶ 9.

{¶14} In 2004, however, the General Assembly modified the definition of "operate" by adding the words "at the time of operation" to R.C. 4511.19(A)(1) and by specifically enacting R.C. 4511.01(HHH), which defines " 'operate' [as used in R.C. Chapter 4511 as ] to cause or have caused movement of a vehicle * * *. " *Wallace* at ¶ 11. The General Assembly additionally provided for a new criminal offense, "having physical control of a vehicle while under the influence of alcohol." *See* R.C. 4511.194(B); *Wallace* at ¶ 14. R.C. 4511.194(A)(2) defines " 'physical control' as being in the driver's position of the front seat of a vehicle * * * and having possession of the vehicle's ignition key or other ignition device."

{¶15} These statutory modifications essentially "eliminated 'drunk radio listeners, or people who use their cars as a four-wheeled, heated hotel room' from being convicted of OVI. *Gill*, 70 Ohio St.3d at 157-58, 637 N.E.2d 897 (Pfeifer, J. dissenting)." *State v. Barnard*, 5th Dist. Stark No. 2010-CA-00082, 2010-Ohio-5345, ¶ 25, quoting *State v. Schultz*, 8th Dist. Cuyahoga No. 90412, 2008-Ohio-4448, ¶ 19. Thus, "a person who is found passed out in his vehicle on the side of the highway may be convicted of OVI because the jury could infer that the vehicle was moved to that location. However, if a person decides to 'sleep it off' in the parking lot of the bar where the person drank, the person could be convicted of only a physical control violation, unless there is evidence of movement." *Schultz* at ¶ 25; *State v. Ozinga*, 11th Dist. Ashtabula No. 2008-A-0038, 2009-Ohio-181, ¶ 18; *State v. Anthony*, 2016-Ohio-2905, 64 N.E.3d 591, ¶ 22 (5th Dist.).

{¶16} In defining "operate," R.C. 4511.01(HHH) employs both the present tense ("to cause") and the past tense (to "have caused") in relation to the movement of a vehicle. The past tense indicates an action already completed. For purposes of R.C. 4511.19, whether the defendant "caused" movement of the vehicle "is a fact that may be proved by circumstantial evidence, which inherently possesses the same probative value as direct evidence." *State v. Halpin*, 2d Dist. Clark No. 07CA78, 2008-Ohio-4136, ¶ 24, citing *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991).

{¶17} The state argues that it presented sufficient circumstantial evidence that Anderson had operated the vehicle as defined in R.C. 4511.01(HHH). It relies on *State v. Cochran*, 2d Dist. Montgomery No. 22240, 2008-Ohio-3612, and *City of Dayton v. Ahmad*, 2d Dist. Montgomery No. 24165, 2011-Ohio-2302, where the Second Appellate District stated that an accused's placement in the driver's seat of the vehicle with the

key in the ignition was sufficient to find that he had operated the vehicle pursuant to R.C. 4511.01(HHH). We find both cases to be factually distinguishable.

{¶18} In *Cochran*, the defendant argued that the trial court had erred where, on his plea of no contest, it had convicted him of operating a motor vehicle in Ohio while under a financial-responsibility-law suspension in violation of R.C. 4510.16(A), based on the broad judicial definition of "operate" set forth in *Gill* and the cases that had relied on its holding, instead of the narrower definition of operate set forth in R.C. 4511.01(HHH).

{¶19} The Second District agreed that R.C. 4511.01(HHH) had superseded the prior judicial definition of operate as set forth in *Gill*, but it held that it was not necessarily convinced that a different quantum of proof was necessary where Cochran had been found in the driver's seat of a vehicle that had been parked in a grassy area along the side of the road with the key in the ignition. The court held those facts were circumstantial evidence that Cochran had operated the vehicle to bring it to the place where it was found. The court additionally noted that there was evidence that the vehicle's motor had been running. *Cochran* at ¶ 25. The *Cochran* court recognized that it need not resolve which definition of "operate" applied, because the definition of operate in R.C. 4511.01(HHH) was limited to violations under R.C. Chapters 4511 and 4513, and the defendant had been convicted of violating R.C. 4510.610(A). *Id.* at ¶ 26.

{¶20} In *Ahmad*, 2d Dist. Montgomery No. 24165, 2011-Ohio-2302, at ¶ 51-52, the defendant challenged the weight of the evidence supporting his convictions for driving under suspension in violation of R.C. 4510.16 and 4510.11. He argued that he had not been operating his vehicle at the moment the police officer had approached. Citing its earlier decision in *Cochran*, the Second Appellate District held that the convictions were not against the weight of the evidence because it was undisputed that

7

the defendant's license was under numerous suspensions, and the officer had testified that the defendant was in the driver's seat of the vehicle with the key in the ignition when the officer approached. *Id.*

{¶21} In a separate concurrence, Judge Grady acknowledged that the facts in *Cochran*—the defendant had been found in the driver's seat of a vehicle parked along a road with its engine running—logically supported a conclusion that the defendant had operated the vehicle for purposes of R.C. 4511.01(HHH). He noted that in *Ahmad*, the officer's testimony that he had witnessed the defendant driving his vehicle was direct evidence that the defendant had operated the vehicle in which he was found, and, if believed, rendered beside the point any issue concerning the way in which defendant had been found when the vehicle had been stopped. *Ahmad* at ¶ 66 (Grady, J., concurring).

{¶22} Thus, contrary to the state's assertion, *Cochran* and *Ahmad* do not support its argument that Anderson's placement in the driver's seat of a vehicle in a parking lot with the keys in the ignition is sufficient evidence of "operation" under R.C. 4511.01(HHH) to sustain his OVI conviction. In *Cochran*, the Second Appellate District stated it was not bound by the definition of operate in R.C. 4511.01(HHH) because the defendant had not been convicted of an offense under R.C. Chapter 4511. Nonetheless, it concluded the state had presented sufficient circumstantial evidence that the vehicle had been operated as defined in R.C. 4511.01(HHH) where the defendant had been sitting in the driver's seat of a van that had been parked along the side of a road with the keys in the ignition and the engine running.

{¶23} Although the majority in *Ahmad* did not specifically rely on the police officer's testimony that prior to pulling the defendant over he had seen the defendant actually driving the vehicle in rejecting his weight-of-the evidence challenge, as Judge

Grady pointed out in his separate concurrence, the police officer's testimony that he had followed the defendant's vehicle was direct evidence that the defendant had operated the vehicle.

{¶24}  As Anderson points out, where appellate courts have found sufficient circumstantial evidence that a defendant "operated" a vehicle while impaired for purposes of R.C. 4511.19(A)(1)(a), the state has presented additional facts from which an inference of movement could be made.  For example, in *State v. Anthony*, 2016-Ohio-2905, 64 N.E.3d 591, ¶ 23-25 (5th Dist.), the Fifth Appellate District held that the state had produced sufficient circumstantial evidence of "operation" to support a defendant's OVI conviction where an SUV belonging to the defendant had been disabled on a public street, a witness had testified that on two occasions ten minutes apart she had observed the defendant in the driver's seat of the SUV, the officer had testified that he had seen the defendant attaching a jumper cable to the SUV, and no one else at the scene claimed to have driven the SUV to its location on the public street where it had broken down.

{¶25}  Likewise, in *State v. Jamison*, 9th Dist. Summit No. 27664, 2016-Ohio-5122, ¶ 2 and 34, the Ninth Appellate District held that the state had presented sufficient evidence that the defendant had operated the vehicle to sustain his OVI conviction under R.C. 4511.19 where a witness had observed the defendant, the sole occupant of the vehicle, which was in the left turn lane, slumped over the steering wheel sleeping, with the turn signal activated, the key in the ignition with the engine running, and the vehicle in gear.

{¶26}  Similarly, in *State v. Barnard*, 5th Dist. Stark No. 2010-CA-0082, 2010-Ohio-5345, ¶ 28-32, the Fifth Appellate District held that the state had presented sufficient circumstantial evidence that the defendant had operated the vehicle while

under the influence where the police found the defendant's vehicle resting on a median island after running over traffic cones, the defendant was alone and strapped to the driver's seat from which he had to be forcibly removed, and the defendant did not deny driving the vehicle.

{¶27} In *State v. Adams*, 3d Dist. Crawford No. 3-06-24, 2007-Ohio-4932, ¶ 19-22, the Third Appellate District held that the state had presented sufficient evidence that the defendant had operated a motor vehicle while under the influence of alcohol in violation of R.C. 4511.191(A)(1)(a) where a volunteer fireman and police officers testified that the defendant's vehicle had been located in the middle of a lane of traffic at a stop sign on an exit ramp blocking traffic, the vehicle had been running, the defendant had been "slooped" over the wheel, and there had been a strong odor of alcohol coming from the defendant.

{¶28} In *State v. Robertson*, 9th Dist. Lorain No. 13CA010395, 2014-Ohio-5389, ¶ 8-10, the Ninth Appellate District held that the state had produced sufficient evidence that the defendant had operated a vehicle that had crashed in a ditch where a witness had testified that the defendant was the only occupant of the car; the defendant, although located on the floor of the vehicle, was "gunning" the engine, from which a reasonable trier of fact could infer he had been in the driver's position; and, after the witness had assisted the defendant from the vehicle, the defendant had fled from the scene.

{¶29} In *Cleveland v. Sheppard*, 8th Dist. Cuyahoga No. 103166, 2016-Ohio-7393, ¶ 22-24, the Eighth Appellate District held that the state had produced sufficient evidence of operation to sustain Sheppard's OVI conviction where the vehicle had been improperly parked in a manner that attracted the attention of police officers because it had been parked partially on the street and partially in the parking lot of a bar, the

engine of the vehicle had been running, the key had been in the ignition, the headlights had been turned on, and the defendant had been sleeping alone in the vehicle.

{¶30} Likewise, in *Cleveland v. Crawford*, 8th Dist. Cuyahoga No. 102110, 2015-Ohio-2402, ¶ 14-21, the Eighth Appellate District held that the state had presented sufficient circumstantial evidence to prove the element of operation where police officers testified they had responded to a report of a vehicle sideswiping another vehicle, and upon their arrival moments later, the defendant was stepping out of the driver's side of the vehicle with his keys in hand, the officers noticed damage to defendant's vehicle and the vehicle parked in front of his vehicle consistent with that report, and the defendant had displayed indicia of intoxication.

{¶31} Here, however, we agree with Anderson that the state failed to present any direct or circumstantial evidence that Anderson caused or had caused movement of a vehicle. None of the firefighters and paramedics testified that the vehicle's engine was running, or that the vehicle had been parked, wrecked, or disabled in the street, parked along the side of the street, or parked in the parking lot in an awkward manner. Nor did they testify that they had observed Anderson driving the vehicle. Officer Bittinger testified that Anderson had expressly denied driving the vehicle and had provided him with the name of another individual that had driven the vehicle.

{¶32} Anderson's case is more like *Cleveland v. Dumas*, 8th Dist. Cuyahoga No. 99558, 2013-Ohio-4600, ¶ 14, where the Eighth Appellate District reversed the defendant's conviction for driving under the influence in violation of a Cleveland Ordinance. In *Dumas*, the police officer testified that when he arrived at the scene, the defendant was standing outside the vehicle in a parking lot near a construction site. The Eighth District concluded that absent evidence that the vehicle was running and

the key was in the ignition, the state had failed to present sufficient evidence that the defendant had operated the vehicle. *Id.*

{¶**33**} The state argues that a reasonable inference can be drawn that Anderson had operated the vehicle to the recreation center in an impaired state because no drug paraphernalia was found in the car, and one can, therefore, infer that Anderson took the drugs elsewhere and then drove the vehicle to the recreation center while impaired. We disagree. To prove OVI, the state must show the confluence of the ingestion of drugs and the operation of the vehicle. Without more, the absence of the drugs in the vehicle showed only that Anderson had taken the drugs somewhere other than the car. But it says nothing about the operation of the car.

{¶**34**} The dissent expands on the state's argument. The dissent asserts that the state adduced sufficient circumstantial evidence that Anderson had operated the vehicle while intoxicated, because the trier of fact could infer from the police officer's testimony that no drug paraphernalia had been found in the car that Anderson had ingested the drugs elsewhere, and the police officer testified that Anderson had admitted that the vehicle had been operated. We agree with the dissent that the defendant's insistence that another person had operated the vehicle may be discredited by the fact that this person was not found on the scene when the defendant was discovered in the vehicle. But even so, the state is still left with no evidence that the defendant had operated the vehicle after he had ingested the drugs. *See, e.g., State v. Richardson*, 150 Ohio St.3d 554, 2016-Ohio-8448, ___N.E.3d ___, ¶ 18-19 (holding defendant's OVI conviction was supported by sufficient evidence where the state produced evidence that the defendant had ingested a drug and had been impaired, and that the drug had impaired his driving causing him to rear-end another vehicle). The

state's evidence that Anderson had overdosed in the driver's seat with the keys in the ignition is probative of control, but without more, it is no longer probative of operation.

{¶35} Absent direct or circumstantial evidence that Anderson had operated the vehicle as defined in R.C. 4511.01(HHH), an essential element of an OVI offense under R.C. 4511.191(A)(1)(a), no rational trier of fact could have found that the state had proved each element of the offense beyond a reasonable doubt. Therefore, we sustain Anderson's first assignment of error. Our disposition of his first assignment of error has rendered moot his second assignment of error in which he asserts that his conviction was contrary to the manifest weight of the evidence. *See* App.R. 12(A)(1)(c); *State v. Sullivan*, 1st Dist. Hamilton Nos. C-130628 and C-130629, 2014-Ohio-3112, ¶ 12. We, therefore, reverse the trial court's judgment and discharge Anderson from further prosecution.

Judgment reversed and appellant discharged.

**ZAYAS, P.J.,** concurs.
**MILLER, J.,** dissents.

**MILLER, J.,** dissenting.

{¶36} An impaired person in the driver's seat of a vehicle with the key in the ignition can be convicted of OVI if there is sufficient circumstantial evidence that he operated the vehicle while impaired. I conclude that, viewing the evidence in a light most favorable to the prosecution, a rational trier of fact could have convicted Anderson; and therefore, respectfully dissent.

{¶37} Anderson was found overdosed and unconscious in the driver's seat of the vehicle, key in the ignition. No drug paraphernalia was found in the vehicle or in the immediate vicinity, which the officer inferred to mean, based on his experience, that Anderson had ingested the drugs elsewhere. Anderson admitted to the officer that the vehicle had been operated, but claimed that a woman, whom he identified by

name, had operated the vehicle instead of him. The woman was not on the scene when the medics or police arrived.

{¶38} Under these facts, a rational trier of fact could have concluded that Anderson ingested drugs elsewhere and that he, not the woman, drove the vehicle to the recreation center parking lot. My conclusion aligns with the many cases discussed by the majority where convictions were upheld under similar facts. Under our deferential standard of review, I would affirm the conviction.

Please note:
The court has recorded its own entry this date.