[Cite as *Cleveland v. Pate*, 2013-Ohio-5571.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 99321**

## CITY OF CLEVELAND

PLAINTIFF-APPELLEE

vs.

## EUGENE M. PATE, II

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cleveland Municipal Court
Case No. 2012 TRD 052202

**BEFORE:**    Blackmon, J., Stewart, A.J., and McCormack, J.

**RELEASED AND JOURNALIZED:**    December 19, 2013

-i-

**ATTORNEY FOR APPELLANT**

Joseph Vincent Pagano
P.O. Box 16869
Rocky River, Ohio 44116


**ATTORNEYS FOR APPELLEE**

Barbara A. Langhenry
Director of Law
City of Cleveland

By:  Victor R. Perez
Chief Prosecutor
Connor P. Nathanson
Bidisha Bagchi
Assistant City Prosecutors
8th Floor Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

PATRICIA ANN BLACKMON, J.:

**{¶1}** Appellant Eugene M. Pate, II appeals his conviction following a bench trial in the Cleveland Municipal Court. Pate assigns the following errors for our review:

I. The trial court erred when it denied appellant's motion for acquittal under Crim.R. 29 because the state failed to present sufficient evidence to establish beyond a reasonable doubt the elements necessary to support the conviction.

II. Appellant's convictions are against the manifest weight of the evidence.

III. The trial court erred by imposing separate sentences for convictions involving allied offenses of similar import.

IV. The trial court erred by ordering restitution in violation of the provisions of R.C. 2929.28(A).

**{¶2}** Having reviewed the record and pertinent law, we affirm Pate's convictions. The apposite facts follow.

**{¶3}** On September 12, 2012, the city of Cleveland ("the City") cited Pate for failing to stop following a collision with an unoccupied vehicle; failure to control his vehicle; and driving with expired plates. At his arraignment, Pate pleaded not guilty to the charges and the trial court scheduled the matter for trial.

**{¶4}** At a bench trial on November 5, 2012, the City presented the testimony of three witnesses including police officers Joseph Matt and Shawn Huff. Officers Matt and Huff both testified that on September 12, 2012, at approximately 3:45 a.m., they observed Pate's vehicle stopped in the middle of Fulton Road with the hazard lights flashing. When the officers approached to inquire if he needed assistance, Pate indicated that he had hit a pothole, had called AAA roadside assistance for a tow truck, and was waiting for his mother to arrive.

**{¶5}** Both officers testified that they did not see any potholes nearby, both observed brake fluid leaking from the vehicle's damaged front wheel that created an unbroken trail directly to another vehicle parked approximately 150 feet away on Fulton Road. After noticing what they described as "fresh collision marks" on the vehicle where the trail ended, the officers ran the license plate of the vehicle and discovered that the owner, Elizabeth Vega, lived on Fulton Road.

**{¶6}** Officers Matt and Huff testified that they woke up Vega and questioned her about the condition of her vehicle prior to that night. The officers testified that despite a clear language barrier, Vega expressed surprise about the reported condition of her vehicle and indicated that her vehicle was undamaged prior to that night.

**{¶7}** Officers Matt and Huff testified that upon returning to Pate after questioning Vega, Pate vehemently denied hitting the parked vehicle. At that time, the officers also noticed that the license plate on Pate's vehicle had expired.

**{¶8}** Vega, testifying through an interpreter, indicated again that her car was undamaged prior to that night. Vega also testified that she was unable to drive the vehicle and had to have it repaired.

**{¶9}** Pate presented the testimony of his mother, Lorraine Lewis, who testified that she recalled her son calling her in the early morning hours of September 12, 2012, to give him a ride home, because something happened to the van he was driving. Lewis testified that she believed Pate indicated that he had hit a chuckhole.

**{¶10}** The trial court found Pate guilty of all charges, subsequently sentenced him to one year inactive probation, fined him a total of $320, and ordered restitution of $450. The trial court granted a stay of execution pending the instant appeal.

## Sufficiency of Evidence

**{¶11}** In the first assigned error, Pate argues his motion for acquittal should have been granted because the City failed to present sufficient evidence to support his convictions.

**{¶12}** Crim.R. 29 mandates that the trial court issue a judgment of acquittal where the prosecution's evidence is insufficient to sustain a conviction for the offense. Crim.R. 29(A) and sufficiency of evidence review require the same analysis. *State v. Mitchell*, 8th Dist. Cuyahoga No. 95095, 2011-Ohio-1241, citing *State v. Tenace*, 109 Ohio St.3d 255, 2006-Ohio-2417, 847 N.E.2d 386.

**{¶13}** A challenge to the sufficiency of the evidence supporting a conviction requires the court to determine whether the prosecution has met its burden of production at trial. *State v. Givan*, 8th Dist. Cuyahoga No. 94609, 2011-Ohio-100, citing *State v. Thompkins*, 78 Ohio St.3d 380, 1997 Ohio 52, 678 N.E.2d 541. On review for sufficiency, courts are to assess not whether the prosecution's evidence is to be believed, but whether, if believed, the evidence against a defendant would support a conviction. *Id.*

**{¶14}** The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *State v. Vickers*, 8th Dist.

Cuyahoga No. 97365, 2013-Ohio-1337, citing *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus.

{¶15} In the instant case, the trial court found Pate guilty of failing to stop after an accident in violation of Cleveland Codified Ordinances 435.15, that states in pertinent part as follows:

> If such accident or collision with an unoccupied or unattended motor vehicle, the operator so colliding with such motor vehicle shall securely attach the information required to be given in this section, in writing, to a conspicuous place in or on such unoccupied or unattended motor vehicle.

{¶16} Initially, we note, Pate denied colliding with the parked vehicle. Thus, the clear inference of Pate's denial is that he was not required to comply with the above ordinance. Instead, Pate insisted that the damage to his vehicle was caused by a pothole in the street. However, both officers testified that there were no potholes in the street.

{¶17} In addition, the officers testified that brake fluid leaking from Pate's vehicle created an unbroken trail leading to Vega's car that was parked approximately 150 feet away. The officers further testified that Vega's car had "fresh collision marks." Finally, Vega testified that her car was undamaged prior to that night and both officers testified that Vega was surprised to see the damage to her car.

{¶18} After viewing the evidence in a light most favorable to the prosecution, the above evidence, if believed, would support the conclusion that Pate struck Vega's unoccupied parked vehicle and had no intention of notifying the owner. As such, any rational trier of fact would have found the essential elements of failing to stop after an accident proven beyond a reasonable doubt. Consequently, the trial court did not err

when it denied Pate's motion for acquittal and subsequently found him guilty of this charge.

{¶19} Within this assigned error, Pate also argues that the City failed to present sufficient evidence to support a conviction for failure to control under Cleveland Codified Ordinances 431.34. This ordinance states in pertinent part that: "No person shall operate a motor vehicle or motorcycle upon any street or highway without exercising reasonable and ordinary control of such vehicle."

{¶20} As previously noted, Pate denied striking the unoccupied parked car. However, we are required to view the evidence adduced at trial, both direct and circumstantial, in a light most favorable to the prosecution to determine if a rational trier of fact could find the essential elements of the offense were proven beyond a reasonable doubt. *State v. Dennis*, 79 Ohio St.3d 421, 1997-Ohio-372, 683 N.E.2d 1096; *Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991).

{¶21} We also note that there is no distinction in the particular weight or way of evaluating the evidence, whether it is direct or circumstantial. *State v. Simmons*, 8th Dist. Cuyahoga No. 97557, 2012-Ohio-3454, citing *Jenks* at paragraph one of the syllabus. Circumstantial evidence and direct evidence inherently possess the same probative value. In some instances, certain facts can only be established by circumstantial evidence. *Id.*

{¶22} Here, the evidence we discussed above in resolving Pate's argument that there was insufficient evidence to support his conviction for failing to stop after an accident, is the same we now consider to resolve the present argument. As discussed

above, viewing the evidence in a light most favorable to the City, the testimony presented, if believed, would support the conclusion that Pate struck Vega's unoccupied parked vehicle. As such, Pate was guilty of failure to control under Cleveland Codified Ordinances 431.34. Consequently, the trial court did not err when it denied Pate's motion for acquittal.

{¶23} Finally, within this assigned error, Pate argues the City failed to present sufficient evidence to support a conviction for expired plates. At trial, the officers testified that while issuing the citation, they noticed that the dealer's plates on Pate's vehicle were expired. At trial, Pate offered a photograph of his current license plate that showed an expiration date of 2014. Pate insisted that dealer's plates are issued for two years. We have no way of knowing whether the photograph depicts plates obtained before or after the citation. However, Officer Huff testified that it was his recollection that the plate on the vehicle was expired. Tr. 40.

{¶24} Again, viewing the evidence in a light most favorable to the City, Officer Huff's testimony, if believed, would support the conclusion that the plates were expired. As such, the trial court did not err when it denied the motion for acquittal and subsequently found Pate guilty of this charge.

{¶25} Based on the foregoing, we find that the City presented sufficient evidence to support all of Pate's convictions. The trial court did not err when it denied Pate's motion for acquittal. Accordingly, we overrule the first assigned error.

**Manifest Weight**

{¶26} In the second assigned error, Pate argues his convictions were against the manifest weight of the evidence.

{¶27} In *State v. Wilson*, 113 Ohio St.3d 382, 2007-Ohio-2202, 865 N.E.2d 1264, the Ohio Supreme Court addressed the standard of review for a criminal manifest weight challenge, as follows:

> The criminal manifest-weight-of-the-evidence standard was explained in *State v. Thompkins* (1997), 78 Ohio St.3d 380, 1997 Ohio 52, 678 N.E.2d 541. In *Thompkins*, the court distinguished between sufficiency of the evidence and manifest weight of the evidence, finding that these concepts differ both qualitatively and quantitatively. *Id*. at 386, 678 N.E.2d 541. The court held that sufficiency of the evidence is a test of adequacy as to whether the evidence is legally sufficient to support a verdict as a matter of law, but weight of the evidence addresses the evidence's effect of inducing belief. *Id*. at 386-387, 678 N.E.2d 541. In other words, a reviewing court asks whose evidence is more persuasive — the state's or the defendant's? We went on to hold that although there may be sufficient evidence to support a judgment, it could nevertheless be against the manifest weight of the evidence. *Id*. at 387, 678 N.E.2d 541. "When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a 'thirteenth juror' and disagrees with the factfinder's resolution of the conflicting testimony." *Id*. at 387, 678 N.E.2d 541, citing *Tibbs v. Florida* (1982), 457 U.S. 31, 42, 102 S.Ct. 2211, 72 L.Ed.2d 652.

*Id*. at ¶ 25.

{¶28} An appellate court may not merely substitute its view for that of the factfinder, but must find that "in resolving conflicts in the evidence, the factfinder clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Walker*, 8th Dist. Cuyahoga No. 99239, 2013-Ohio-3522, quoting *Thompkins* at 387. Accordingly, reversal on manifest weight grounds is reserved for "the exceptional case that the evidence weighs heavily against the conviction." *Id*.

**{¶29}** Based on our resolution of the first assigned error where we found that Pate's convictions were supported by sufficient evidence, we conclude that this is not the exceptional case where the evidence weighs heavily against the convictions. Much to the contrary, Pate's convictions are not against the manifest weight of the evidence. Accordingly, we overrule the second assigned error.

## Allied Offenses

**{¶30}** In the third assigned error, Pate argues the trial court erred by imposing separate sentences for his convictions for failing to stop after an accident and for failure to control.

**{¶31}** Our review of an allied offenses question is de novo. *State v. Webb*, 8th Dist. Cuyahoga No. 98628, 2013-Ohio-699, ¶ 4, citing *State v. Williams*, 134 Ohio St.3d 482, 2012-Ohio-5699, 983 N.E.2d 1245, ¶ 28.

**{¶32}** R.C. 2941.25 is the codification of the judicial doctrine of merger and provides guidance as follows:

> (A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
>
> (B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

R.C. 2941.25; *State v. Patterson*, 8th Dist. Cuyahoga No. 98127, 2012-Ohio-5511, ¶ 33.

**{¶33}** In *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061, the Ohio Supreme Court established the proper analysis for determining whether offenses

qualify as allied offenses subject to merger pursuant to R.C. 2941.25. In doing so, it expressly overruled *State v. Rance*, 85 Ohio St.3d 632, 1999-Ohio-291, 710 N.E.2d 699, and held that rather than compare the elements of the crimes in the abstract, courts must consider the conduct of the accused:

> In determining whether offenses are allied offenses of similar import under R.C. 2941.25(A), the question is whether it is possible to commit one offense and commit the other with the same conduct * * *. If the offenses correspond to such a degree that the conduct of the defendant constituting commission of one offense constitutes commission of the other, then the offenses are of similar import.
>
> If the multiple offenses can be committed by the same conduct, then the court must determine whether the offenses were committed by the same conduct, i.e., "a single act, committed with a single state of mind."
>
> If the answer to both questions is yes, then the offenses are allied offenses of similar import and will be merged.
>
> Conversely, if the court determines that the commission of one offense will never result in the commission of the other, or if the offenses are committed separately, or if the defendant has separate animus for each offense, then, according to R.C. 2941.25(B), the offenses will not merge.

(Citations omitted.) *Id.* at ¶ 48-51; *State v. Burt*, 8th Dist. Cuyahoga No. 99097, 2013-Ohio-3525, ¶ 30.

{¶34} In this case, a violation of Cleveland Codified Ordinances 435.15 required Pate to leave the scene of the accident or fail to provide information in a conspicuous location when the accident involves an unoccupied vehicle. Cleveland Codified Ordinances 431.34 required Pate to operate his vehicle with reasonable care and ordinary control of the vehicle. Simply put, Pate violated Cleveland Codified Ordinances 431.34 by failing to control his vehicle and striking the unoccupied parked car. After striking

the unoccupied car, Pate could have proceeded to place the required information in a conspicuous location and not be in violation of Cleveland Codified Ordinances 435.15.

{¶35} However, in failing to place the required information in a conspicuous location after striking the unoccupied parked car, Pate committed a separate act that required a separate state of mind. As such, the two charges are not allied offenses of similar import. Consequently, the trial court did not err when it imposed separate sentences for Pate's violation of the two charges. Accordingly, we overrule the third assigned error.

### Restitution

{¶36} In the fourth assigned error, Pate argued the trial court erred when it ordered restitution in violation of R.C. 2929.18. However, because Pate failed to object to the restitution order, he waived all but plain error.

{¶37} Crim.R. 52(B) provides that "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court. Notice of plain error under Crim.R. 52(B) is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." *State v. Davis*, 8th Dist. Cuyahoga No. 99023, 2013-Ohio-2539, quoting *State v. Long*, 53 Ohio St.2d 91, 372 N.E.2d 804 (1978), paragraph three of the syllabus. In order to find plain error under Crim.R. 52(B), it must be determined that, but for the error, the outcome of the proceedings clearly would have been otherwise. *Id.* at paragraph two of the syllabus.

{¶38} Pate contends the court's restitution order violates R.C. 2929.18(A)(1) that provides in relevant part:

> Restitution by the offender to the victim of the offender's crime * * * in an amount based on the victim's economic loss. * * * If the court imposes restitution, at sentencing, the court shall determine the amount of restitution to be made by the offender. If the court imposes restitution, the court may base the amount of restitution it orders on an amount recommended by the victim, the offender, a presentence investigation report, * * * and other information, provided that the amount the court orders as restitution shall not exceed the amount of the economic loss suffered by the victim as a direct and proximate result of the commission of the offense. If the court decides to impose restitution, the court shall hold a hearing on restitution if the offender, victim, or survivor disputes the amount.

{¶39} "Economic loss" is defined as "any economic detriment suffered by a victim as a direct and proximate result of the commission of an offense and includes * * * any property loss * * * incurred as a result of the commission of the offense." R.C. 2929.01(L).

{¶40} In the instant case, the record reveals that the trial court ordered restitution in the stated amount required to repair the damage to Vega's car. At sentencing, the assistant city prosecutor indicated that she had a receipt for the damage to the vehicle in the amount of $450. Therefore, the trial court's judgment ordering Pate to pay restitution of $450 was not in excess of the economic loss that Vega suffered as a result of Pate's action. Accordingly, we overrule the fourth assigned error.

{¶41} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.   Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

PATRICIA ANN BLACKMON, JUDGE

MELODY J. STEWART, A.J., and
TIM McCORMACK, J., CONCUR