[Cite as *Cleveland v. Sheppard*, 2016-Ohio-7393.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 103166**

## CITY OF CLEVELAND

PLAINTIFF-APPELLEE

vs.

## GREGORY S. SHEPPARD

DEFENDANT-APPELLANT

## JUDGMENT:
AFFIRMED AND REMANDED

Criminal Appeal from the
Cleveland Municipal Court
Case No. 2015-TRC-022265

**BEFORE:** Kilbane, J., Jones, A.J., and Stewart, J.

**RELEASED AND JOURNALIZED:** October 20, 2016

**ATTORNEYS FOR APPELLANT**

Christopher R. Lenahan
Christopher R. Lenahan Inc. Co.
2035 Crocker Road
Suite 104
Westlake, Ohio 44145

R. Brian Moriarty
55 Public Square, 21st Floor
Cleveland, Ohio 44113

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
Jonathan L. Cudnik
Assistant County Prosecutor
The Justice Center - 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

MARY EILEEN KILBANE, J.:

{¶1} Defendant-appellant, Gregory S. Sheppard ("Sheppard"), appeals a judgment from the Cleveland Municipal Court finding him guilty of operating a vehicle while under the influence ("OVI") and failure to control. For the reasons set forth below, we affirm the trial court's judgment and remand for execution of sentence.

{¶2} Sheppard was cited for OVI, in violation of Cleveland Codified Ordinances 433.01(a)(1) and 431.34(a). He pled not guilty and the matter proceeded to a bench trial on May 13, 2015.

{¶3} The city's evidence demonstrated that while on routine patrol in the Tremont area on January 19, 2015, at approximately 2:30 a.m., Cleveland Police Officer Thomas McNamara ("Officer McNamara") and his field training officer, Timothy Maffo-Judd ("Officer Maffo-Judd"), observed a man slumped behind the steering wheel of a vehicle. According to these witnesses, the vehicle was parked awkwardly at the intersection of Professor Street and College Avenue. Half of the vehicle was in the street and the other half was up on the tree lawn near some bushes. The key was in the ignition, the engine was running, and the vehicle's headlights were on.

{¶4} Officer Maffo-Judd shined his flashlight in the driver's window and knocked on the driver's door to wake the driver up. When the driver, identified as Sheppard, opened the door, the officers observed that his eyes were red and glassy. The officers also smelled a strong odor of alcohol. When the officers questioned Sheppard, they observed that his speech was slurred and his answers were confusing.

{¶5} The officers asked Sheppard to turn off the ignition and exit the vehicle. Sheppard complied but had difficulty standing. As Sheppard exited the vehicle, he told the officers that his girlfriend worked at the Treehouse, a tavern located across the street from where the car was stopped. Officer Maffo-Judd went to the Treehouse and observed that it was locked up, and there were chains across the door. No lights were on inside the tavern, and it appeared that no one was inside.

{¶6} Officer Maffo-Judd testified that, based upon his observations of Sheppard's appearance and conduct, he was concerned that Sheppard was under the influence of alcohol. He asked Sheppard to complete field sobriety tests. Officer Maffo-Judd administered the Horizontal Gaze Nystagmus Test at a distance of approximately 12 to 14 inches. According to the officer, Sheppard displayed "lack of smooth pursuit" and a distinct and sustained nystagmus appeared in both eyes prior to 45 degrees, an indication that he was over the legal limit of alcohol.

{¶7} Officer Maffo-Judd next administered the walk-and-turn test, where Sheppard was required to take nine steps, heel-to-toe, along a straight line, then turn on one foot and return in the same manner in the opposite direction. Subjects are to perform this test with hands at their side and while counting aloud. According to the officer, Sheppard could barely stand on his own. He was shaking, staggering, and lifting his arms. He also swayed, stepped off the line, did not count aloud, and his return steps were inaccurate.

{¶8} Officer Maffo-Judd next administered the one-leg-stand test where Sheppard was asked to stand with his heels together, arms down to his side, and then lift his leg six inches off of the ground and count aloud until the officer tells him to stop. During this test, Sheppard did not count aloud, staggered, and stepped on the ground, before finally saying "f*** it."

{¶9} The officers determined that Sheppard did not pass the field sobriety tests. He then became combative, with his mood altering from crying to insulting to using profanity. His vehicle was towed, and the key went with the vehicle to the impound lot. Cleveland Police Officer Thomas McNamara ("Officer McNamara") testified that after Sheppard was transported to the police station, he was offered an opportunity to take a breathalyzer test, but he was "so erratic that he refused" and the officers then placed him in a jail cell.

{¶10} On cross-examination, Officer Maffo-Judd acknowledged that there are parking areas in some sections that are "indented" out of the tree lawn, but Officer Maffo-Judd insisted that Sheppard was not parked within such an area.

{¶11} At the close of the city's case, the defense moved for acquittal, arguing that there was insufficient evidence to establish that Sheppard operated the vehicle. The trial court denied the motion and Sheppard then testified on his own behalf.

{¶12} Sheppard testified that he had been drinking, and that he and his girlfriend had been at a private party in the upstairs of the Treehouse. Towards the end of the party, he returned to the car, which was a car that his girlfriend had rented. Sheppard

testified that it was cold outside, so he started the car. Refuting the testimony of Officer Maffo-Judd that the key was in the ignition at the time of the stop, Sheppard testified that he did not place the key in the ignition, but instead used an auto-start function on his key fob and then placed the key in his coat pocket where it remained until after he was released from jail. Sheppard further testified that at the time of the stop, he was trying to text his girlfriend who was still at the party. He denied that he had been driving, and he further denied that his vehicle was partially on the tree lawn near bushes. Rather, he stated, the vehicle was in a parking spot that was just beyond the tree lawn area identified by the police in the city's case-in-chief.

{¶13} On cross-examination, he stated that he and his girlfriend did not actually plan to drive the rental car home because they had both been drinking.

{¶14} The trial court denied a renewed motion for acquittal and subsequently convicted Sheppard of both OVI and failure to control. On June 10, 2015, the trial court sentenced Sheppard to 180 days in jail with 150 days suspended, a two-year license suspension, a $1,625 fine with $625 suspended, and three years of active probation for OVI. The trial court sentenced him to pay a $100 fine on the failure to control conviction. The trial court stayed Sheppard's sentence pending this appeal.

{¶15} Sheppard appeals and assigns two errors for our review:

### Assignment of Error One

The verdicts of the trial court are based on insufficient evidence beyond a reasonable doubt for driving under the influence and failure to control.

The verdicts on both charges are contrary to the manifest weight of the evidence.

## Sufficiency of the Evidence

{¶16} In his first assignment of error, Sheppard argues that the trial court erred by denying his Crim.R. 29(A) motion for judgment of acquittal of both charges because there was insufficient evidence to prove that he "operated" the vehicle. At most, he claims, he committed the offense of having physical control of a vehicle while under the influence of alcohol.

{¶17} Crim.R. 29 mandates that the trial court issue a judgment of acquittal where the prosecution's evidence is insufficient to sustain a conviction for the offense. *Cleveland v. Pate*, 8th Dist. Cuyahoga No. 99321, 2013-Ohio-5571, ¶ 12. On review, a sufficiency of evidence analysis is applied. *State v. Mitchell*, 8th Dist. Cuyahoga No. 95095, 2011-Ohio-1241, ¶ 18, citing *State v. Tenace*, 109 Ohio St.3d 255, 2006-Ohio-2417, 847 N.E.2d 386. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *State v. Vickers,* 8th Dist. Cuyahoga No. 97365, 2013-Ohio-1337, ¶ 17, citing *State v. Jenks,* 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus.

## OVI

{¶18} Cleveland Codified Ordinances 433.01(a) states:

No person shall operate any vehicle, streetcar, or trackless trolley within this City, if, at the time of the operation, any of the following apply:

(1) The person is under the influence of alcohol.

**{¶19}** A violation of Cleveland Codified Ordinance 433.01(a)(1) constitutes a violation of R.C. 4511.19(A)(1), which has identical language. *State v. Zima*, 102 Ohio St.3d 61, 2004-Ohio-1807, 806 N.E.2d 542. Prior to January 1, 2004 and the enactment of S.B. 123, there was no statutory definition of "operate," and the meaning of this term as used in R.C. 4511.19(A) was exclusively a matter of judicial interpretation. *Columbus v. Freeman*, 181 Ohio App.3d 320, 2009-Ohio-1046, 908 N.E.2d 1026, ¶ 11-12 (10th Dist.), citing *State v. Wallace,* 166 Ohio App.3d 845, 2006-Ohio-2477, 853 N.E.2d 704 (1st Dist.); *State v. Schultz*, 8th Dist. Cuyahoga No. 90412, 2008-Ohio-4448. In *State v. Gill*, 70 Ohio St.3d 150, 1994-Ohio-403, 637 N.E.2d 897, the Supreme Court of Ohio interpreted "operate" more broadly than "driving" and held that "[a] person who is in the driver's seat of a motor vehicle with the ignition key in the ignition and who has a prohibited concentration of alcohol is 'operating' the vehicle within the meaning of R.C. 4511.19 whether or not the engine of the vehicle is running." *Id*. at syllabus.

**{¶20}** In S.B. 123, effective January 1, 2004, the General Assembly specifically defined "operate" as used in R.C. Chapter 4511 to mean "to cause or have caused movement of a vehicle." R.C. 4511.01(HHH). Movement must be found by the finder of fact. *Accord Cleveland v. Dumas*, 8th Dist. Cuyahoga No. 99558, 2013-Ohio-4600, ¶ 13; *State v. Ware*, 8th Dist. Cuyahoga No. 96327, 2011-Ohio-5665; *State v. Schultz*, 8th Dist. Cuyahoga No. 90412, 2008-Ohio-4448. However, the definition employs both the

present tense, to cause movement, and, alternatively, the past tense, to have caused movement, an action already completed. *Cleveland v. Crawford*, 8th Dist. Cuyahoga No. 102110, 2015-Ohio-2402, ¶ 18, applying *Schultz* and *State v. Barnard*, 5th Dist. Stark No. 2010-CA-00082, 2010-Ohio-5345, ¶ 29. Further, the prosecuting attorney may prove movement through the use of circumstantial evidence. *Crawford* at ¶ 18.

{¶21} S.B. 123 also sets forth the statutory offense of "having physical control of a vehicle while under the influence of alcohol." *Schultz* at ¶ 20; R.C. 4511.194(B). Cleveland, as well as other municipalities, already prohibited being in physical control of a vehicle while under the influence of alcohol. *Id.* The *Schultz* court explained:

> Today, the difference between an OVI and a physical control violation, besides the penalties, is that an OVI requires actual movement of the vehicle, whereas a physical control violation does not. After January 1, 2004, if there is no evidence that the person moved or caused the vehicle to move, that person cannot be convicted of OVI, but may be convicted of being in physical control of a vehicle while under the influence. Still, a person who is found passed out in his vehicle on the side of the highway may be convicted of an OVI because a jury could infer that the vehicle was moved to that location. However, if a person decides to "sleep it off" in the parking lot of the bar where the person drank, the person could be convicted only of a physical control violation, unless there is evidence of movement.

*Id.* at ¶ 25.

{¶22} In this matter, the city's evidence demonstrated that the patrolling officers observed Sheppard's vehicle improperly parked with two tires on the street and two near some bushes in the "setback." Sheppard was asleep in the driver's seat of the car. The engine was running, and according to Officer Maffo-Judd, the key was in the ignition. After the officers woke Sheppard, the officers observed that his eyes were red and glassy,

and he smelled of alcohol. Sheppard told the officers at the scene that he was simply waiting in the car for his girlfriend who was nearby at the Treehouse. However, the officers determined that the tavern was closed and locked up. The lights were off and no one was inside. No one else was in the area, and no one else arrived while Sheppard was performing the field sobriety tests, all of which he failed.

**{¶23}** The trial court then found:

[T]he officers testified when they arrived on the scene, that the defendant's vehicle was actually parked on the grass, where there's a bush, not a setback which would indicate the sidewalk.

One could only infer that, that vehicle got there some way. And as it relates to who was in the vehicle, when they arrived on the scene, it was their testimony that it was the defendant. He was in the vehicle. He was not alert. His phone was in his hand, but they had to knock on his window in order to get his attention. The defendant indicated to them that he was there at an establishment. He was waiting for his girlfriend. The officers testified that when they knocked on the door to this establishment that, being a bar, that the doors were locked. That place had been secured.

**{¶24}** From all of the foregoing, there was sufficient evidence from which the trial court could rationally conclude that Sheppard caused movement of the vehicle while intoxicated. The vehicle was improperly parked in a manner that attracted the attention of the officers, with the engine running, and there was evidence that the key was in the ignition. No one else was around, there was no one at the Treehouse as Sheppard had

claimed, and no one else arrived during the duration of Sheppard's encounter with the officers. From the evidence, the court could infer that Sheppard did not simply have control of the vehicle while waiting for someone, but instead moved the vehicle to that location, parking it partially on the street and partially in the treelawn. The trial court did not err in denying the motion for acquittal of this charge.

Failure to Control

**{¶25}** Cleveland Codified Ordinances 431.34(a) provides:

No person shall operate a motor vehicle or motorcycle upon any street or highway without exercising reasonable and ordinary control over such vehicle.

**{¶26}** The offense of failure to control does not require, as an element of the offense, that the offender actually be involved in an accident that damages the vehicle. *State v. Roberson*, 5th Dist. Stark No. 1996CA00001, 1996 Ohio App. LEXIS 6080 (Oct. 28, 1996). Rather, it is the reckless manner in which the driver operates his vehicle that establishes a violation of this offense. *Id.* In other words, the offense incorporates the ordinary standard of negligence as the requisite proof of culpability. *State v. Lett*, 5th Dist. Ashland No. 02COA049, 2003-Ohio-3366, ¶ 12. The offense may be established by direct or circumstantial evidence. *Pate*, 8th Dist. Cuyahoga No. 99321, 2013-Ohio-5571, at ¶ 21.

**{¶27}** In this matter, the city's evidence established that the vehicle was half on the road and half on the tree lawn near bushes. The officers specifically denied that the

vehicle was parked in a nearby area where the tree lawn was "indented" to allow parking.

From the evidence presented by the city, including the manner in which the vehicle was parked, the late hour, and Sheppard's presence in the car, there was sufficient evidence from which the trial court could rationally conclude that Sheppard failed to use reasonable and ordinary operational control of his vehicle.

{¶28} From all of the foregoing, the trial court did not err in denying the motion for acquittal of OVI and failure to control. The first assignment of error is overruled.

## Manifest Weight

{¶29} In his second assignment of error, Sheppard argues his convictions are against the manifest weight of the evidence because there was no testimony that he operated the vehicle while under the influence of alcohol, or that he operated it without exercising ordinary control.

{¶30} A manifest weight challenge questions whether the prosecution met its burden of persuasion at trial. *State v. Thomas*, 70 Ohio St.2d 79, 80, 434 N.E.2d 1356 (1982). When a defendant asserts that a conviction is against the manifest weight of the evidence, an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses, and determine whether, in resolving conflicts in the evidence, the factfinder clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. *State v. Thompkins*, 78 Ohio St.3d 380, 387, 1997-Ohio-52, 678 N.E.2d 541.

{¶31} In this matter, the city's evidence demonstrated that Sheppard, who was intoxicated, was parked partially on the tree lawn and partially on the street, with the engine running and the key in the ignition, and that no one was inside the Treehouse tavern. Although Sheppard refuted this testimony and testified that the vehicle was in a parking space and not partially on a tree lawn, and that he was simply waiting for his girlfriend, with the key in his pocket, we cannot conclude that the trial court lost its way in convicting Sheppard of OVI and failure to control. The testimony of the officers clearly and compellingly established the location of the vehicle, near bushes and partially on a tree lawn. Officer Maffo-Judd also emphatically stated that the key was in the ignition, and that it was ultimately conveyed with the car after the car was towed, and did not remain in Sheppard's pocket throughout the duration of the evening. Officer Maffo-Judd also emphatically established that the tavern was closed, the door was chained shut, and no one was inside, contrary to Sheppard's claims. Accordingly, we conclude that the convictions are not against the manifest weight of the evidence.

{¶32} The second assignment of error is overruled.

{¶33} Judgment is affirmed and this matter is remanded to the trial court for execution of sentence.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the municipal court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY EILEEN KILBANE, JUDGE

LARRY A. JONES, SR., A.J., and
MELODY J. STEWART, J., CONCUR