[Cite as *State v. Cassidy*, 2017-Ohio-5677.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

| | |
|---|---|
| State of Ohio/City of Toledo | Court of Appeals No. L-15-1291 |
| Appellee | Trial Court No. TRC-15-18127 |
| v. | |
| Michael Cassidy | **DECISION AND JUDGMENT** |
| Appellant | Decided: June 30, 2017 |

* * * * *

David Toska, City of Toledo Chief Prosecutor, and
Henry Schaefer, Assistant Prosecutor, for appellee.

Andrew R. Bucher, for appellant.

* * * * *

**OSOWIK, J.**

**{¶ 1}** This is an appeal from a judgment of the Toledo Municipal Court that found appellant Michael Cassidy guilty of driving under the influence of alcohol in violation of Toledo Municipal Code 333.03(A)(1)(a). For the following reasons, the judgment of the trial court is affirmed.

{¶ 2} The record reflects that on June 9, 2015, appellant was cited for driving while under the influence of alcohol. Appellant pled not guilty and the matter proceeded to a bench trial. Appellant was found guilty and sentenced to 180 days incarceration with 170 days suspended, fine and costs, and a one-year license suspension. Incarceration was stayed pending appeal.

{¶ 3} Appellant sets forth the following assignments of error:

I. The trial court's denial of the appellant's Criminal Rule 29 motion and subsequent finding of guilt was not supported by sufficient evidence as "impaired operation" was not proven by the state.

II. The trial court's denial of the appellant's Criminal Rule 29 motion and subsequent finding of guilt was against the manifest weight of the evidence as "impaired operation" was not proven by the state.

{¶ 4} Officer Jessica Neal testified at trial that she came into contact with appellant at approximately 4:56 a.m. June 9, 2015, after receiving a call regarding a suspicious person sitting in a vehicle on Nebraska Avenue in Toledo, Ohio. Officer Neal and her partner approached the vehicle as a traffic stop and observed appellant in the driver's seat with the engine running. The car was in park and appellant was alone. Neal testified that appellant appeared to have "passed out." The officers knocked on the window to get appellant's attention but he did not respond immediately. Approximately two minutes later, upon the officers' instruction, he stepped on the accelerator and then

2.

turned off the ignition. Appellant opened the car door and, when the officers asked him why he was parked there, he said he did not know where he was. Appellant told the officers he had been at the Déjà Vu club and admitted drinking there. Appellant stated that his companion decided to leave and took a cab but he decided to drive himself. Appellant smelled "overwhelmingly" of intoxicants, his eyes were bloodshot and his speech was slurred. When he stepped out of the car, he staggered and used the door to hold himself up. Appellant stated he was in Toledo for business but did not know where he was when he was stopped or where he was staying for the night. After appellant refused to submit to field sobriety tests he was placed under arrest. He also refused a breathalyzer test.

{¶ 5} In support of both assignments of error, appellant essentially asserts that the state failed to prove that he was under the influence of alcohol at the time he drove his car to the location of his arrest.

{¶ 6} Crim.R. 29 mandates that a trial court issue a judgment of acquittal where the prosecution's evidence is insufficient to sustain a conviction for the offense. On review, a sufficiency of the evidence analysis is applied. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *See State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of

3.

the syllabus. A manifest weight challenge questions whether the state has met its burden of persuasion. *See State v. Thompkins*, 78 Ohio St.3d 380, 678 N.E.2d 541 (1997).

{¶ 7} Toledo Municipal Code 333.01 provides in relevant part that "no person shall operate any vehicle within the Municipality if any of the following apply: (1) the person is under the influence of alcohol * * *."

{¶ 8} In S.B. 123, effective January 1, 2004, the General Assembly specifically defined "operate" to mean "to cause or have caused movement of a vehicle." Ohio courts have found that the prosecuting attorney may prove movement through the use of circumstantial evidence. *See, e.g., Cleveland v. Crawford,* 8th Dist. Cuyahoga No. 102110, 2015-Ohio-2402.

{¶ 9} Appellant insists that to affirm his conviction would amount to penalizing him for deciding to stop his car to "sleep it off" rather than leave the bar and drive under the influence. However, to accept that argument would be tantamount to believing that appellant and his car somehow (unexplained by appellant) were safely transported from the bar where he consumed alcohol to the location where he was discovered, asleep and highly intoxicated, without actually driving the car in which he sat alone with the motor running. Ohio courts have noted a distinction between an individual moving his or her car while intoxicated and staying put at the location where the person drank:

> A person who is found passed out in his vehicle on the side of the
> highway may be convicted of an OVI because a jury could infer that the

vehicle was moved to that location. However, if a person decides to 'sleep it off' in the parking lot of the bar where the person drank, the person could be convicted only of a physical control violation, unless there is evidence of movement. *City of Cleveland v. Sheppard*, 8th Dist. Cuyahoga No. 103166, 2016-Ohio-7393, ¶ 21, citing *State v. Schultz*, 8th Dist. Cuyahoga No. 90412, 2008-Ohio-4448, ¶ 25.

{¶ 10} In the case before us, the city's evidence demonstrated that the officers discovered appellant in his car with the engine running. After they woke appellant, the officers observed that his eyes were bloodshot, his speech was slurred and he smelled heavily of intoxicants. Further, Officer Neal testified that appellant admitted that he drove away from the bar after drinking. Appellant was alone in the car.

{¶ 11} Based on the foregoing, we find there was sufficient evidence from which the trial court could rationally conclude that appellant caused movement of the car while intoxicated. The trial court did not err in denying appellant's motion for acquittal. Further, the conviction was not against the manifest weight of the evidence.

{¶ 12} Accordingly, appellant's first and second assignments of error are not well-taken.

{¶ 13} On consideration whereof, the judgment of the Toledo Municipal Court is affirmed. Costs of this appeal are assessed to appellant pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Mark L. Pietrykowski, J.                               _____

                                                                       JUDGE

Arlene Singer, J.


Thomas J. Osowik, J.                             _____
CONCUR.                                                      JUDGE


                                                                   _____
                                                      JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.