[Cite as *Cleveland v. Rivers*, 2025-Ohio-2868.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

CITY OF CLEVELAND,                    :

    Plaintiff-Appellee,          :

                                 No. 114673

    v.                           :

TRAMEIKA RIVERS,                      :

    Defendant-Appellant.         :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** August 14, 2025

---

Criminal Appeal from the Cleveland Municipal Court
Case No. 2023-TRC-008396

---

***Appearances:***

Mark Griffin, Cleveland Director of Law, Aqueelah A. Jordan, Chief Prosecutor, and Elizabeth Graham, Assistant Prosecutor, *for appellee.*

Law Office of Victor O. Chukwudelunzu, LLC, and Victor Chukwudelunzu, *for appellant.*

MICHELLE J. SHEEHAN, P.J.:

{¶ 1} This matter arises from a single-car traffic accident that occurred in May 2023. As a result of this accident, defendant-appellant Trameika Rivers ("Rivers") was charged with driving under the influence of alcohol in violation of

Cleveland Cod.Ord. 433.01(a)(1)(A) and failure to control in violation of Cleveland Cod.Ord. 431.34(a). Rivers pleaded not guilty to both charges. After a bench trial, Rivers was convicted on both counts. Rivers appeals her convictions and asserts the following two assignments of error:

> 1. Appellant's conviction for Driving Under the Influence of Alcohol, and Failure to Control was not supported by sufficient evidence.

> 2. Appellant's conviction for Diving Under the Influence of Alcohol, and Failure to Control was against the manifest weight of the evidence.

{¶ 2} Based on our review of the record, we conclude that Rivers's convictions were supported by sufficient evidence and not against the manifest weight of the evidence. Accordingly, we affirm her convictions.

## I. Factual Background — Evidence at Trial

{¶ 3} At the June 2024 bench trial, the City of Cleveland ("Cleveland") presented as evidence the testimony of Cleveland Detective Daniel McCandless ("McCandless") and Cleveland police officer Matthew Woznicki ("Woznicki") who had responded to the accident. Rivers did not introduce any evidence at trial.

## Testimony of McCandless

{¶ 4} McCandless testified that he has been a police officer (and now detective) for 26 years. During that time, he has been involved in frequent traffic stops involving drivers suspected of operating a vehicle under the influence

otherwise known as "OVI stops." He is also certified in "OVI" and is a blood-alcohol concentration operator.

{¶ 5} McCandless testified that on May 31, 2023, he was on duty and responded to a call for a possible intoxicated driver that had driven their vehicle off the road and into a fence in Cleveland. Personnel from the Cleveland Fire Department were first on the scene and told him that Rivers had driven into the fence. The Cleveland Fire Department personnel further informed him that when they tried to help Rivers, she drove through the fence a little bit more but eventually they were able to get Rivers to maneuver the vehicle to the side of the road.

{¶ 6} McCandless testified that he observed Rivers in the front seat of the vehicle. He asked her to step out of the vehicle, but Rivers refused several times. McCandless noted that she was not listening to verbal commands.

{¶ 7} At this time, McCandless further observed a red-striped beer bottle on the floor in front of the passenger seat. He could smell the odor of alcohol in the vehicle. When she finally exited the vehicle, he also smelled the odor of alcohol on her.

**Testimony of Woznicki**

{¶ 8} Woznicki testified that he has been a police officer for eight years and has made OVI stops during this time. Woznicki also responded to the accident involving Rivers.

{¶ 9} Woznicki testified that when he arrived at the scene, he observed McCandless asking Rivers to exit her vehicle and Rivers was in the driver's seat of

the vehicle. He further testified that she did not seem to comprehend what McCandless was saying and she just kept saying "no." Rivers repeatedly refused to get out of the car.

{¶ 10} Woznicki also observed the red-striped bottle of beer that was in the vehicle. Woznicki testified that Rivers smelled of alcohol, was sweating profusely, and had slurred speech. Woznicki also noted that field-sobriety tests were possibly not conducted because Rivers was already on a gurney for transport to the hospital by ambulance.

{¶ 11} At the conclusion of the evidence, the trial court found Rivers guilty on both driving under the influence and failure to control her vehicle.

## II. Law and Analysis

### A. Assignment of Error No. 1 — Sufficiency of the Evidence

{¶ 12} In her first assignment of error, Rivers challenges the sufficiency of the evidence supporting her convictions for driving under the influence and failure to control. In support of her argument, Rivers asserts that the testimony of the two law enforcement officers did not establish the elements necessary to satisfy these offenses because neither of them witnessed the accident, they did not conduct any field-sobriety or BAC tests, and they did not introduce at trial the beer bottle the officers observed in her vehicle. However, viewing the evidence below in a light most favorable to the prosecution, a rational trier of fact could have found the essential elements of the crimes proven beyond a reasonable doubt. Rivers's convictions

were based upon sufficient evidence, and therefore, her first assignment of error is overruled.

### 1. Standard of Review — Sufficiency Challenge

{¶ 13} A sufficiency challenge is a question of law that is reviewed de novo. *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997); R.C. 2505.01(A)(2). "'A sufficiency challenge requires a determination as to whether the State has met its burden of production at trial.'" *Cleveland v. Clark*, 2024-Ohio-4491, ¶ 37 (8th Dist.), quoting *State v. Hunter*, 2006-Ohio-20, ¶ 41 (8th Dist.), citing *Thompkins* at 390. Specifically, "[a]n appellate court reviewing sufficiency of the evidence must determine '"whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."'" *Id.*, quoting *State v. Leonard*, 2004-Ohio-6235, ¶ 77, quoting *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus. Additionally, "[w]ith a sufficiency inquiry, an appellate court does not review whether the State's evidence is to be believed but whether, if believed, the evidence admitted at trial supported the conviction." *Id.*, citing *State v. Starks*, 2009-Ohio-3375, ¶ 25 (8th Dist.).

{¶ 14} Further, "[t]he elements of the offense may be proven by direct evidence, circumstantial evidence, or both." *Clark* at ¶ 39. "Direct evidence and circumstantial evidence have 'equal evidentiary value.'" *Id.*, quoting *State v. Wells*, 2021-Ohio-2585, ¶ 26 (8th Dist.), citing *State v. Santiago*, 2011-Ohio-1691, ¶ 12 (8th Dist.). Moreover, direct or circumstantial evidence may be "gathered through first

or secondhand observation." *Cleveland v. English*, 2009-Ohio-5011, ¶ 17 (8th Dist.).

### 2. Driving Under the Influence

{¶ 15} Cleveland Cod.Ord. 433.01(a) states:

(1) No person shall operate any vehicle, streetcar, or trackless trolley within this City, if, at the time of the operation, any of the following apply:

A. The person is under the influence of alcohol . . . .

Accordingly, Cleveland must demonstrate beyond a reasonable doubt that Rivers "operated" a vehicle "under the influence of alcohol" to sufficiently support her conviction. *See, e.g., Cleveland v. Criss*, 1998 Ohio App. LEXIS 5900, *31 (8th Dist. Dec. 10, 1988).

{¶ 16} The language of Cleveland Cod.Ord. 433.01 above tracks the language of R.C. 4511.19(A)(1)(h). *Cleveland v. Crawford*, 2015-Ohio-2402, ¶ 17 (8th Dist.). The term "operate" as used in R.C. Ch. 4511 means "to cause or have caused movement of a vehicle." *Id.*; *see also Cleveland v. Sheppard*, 2016-Ohio-7393, ¶ 20 (8th Dist.). "[T]he definition employs both the present tense, to cause movement, and, alternatively, the past tense, to have caused movement, an action already completed." *Sheppard* at ¶ 20, citing *Crawford* at ¶ 18, applying *State v. Schultz,* 2008-Ohio-4448 (8th Dist.), and *State v. Barnard*, 2010-Ohio-5345, ¶ 29 (5th Dist.). ""[T]o 'have caused' movement of a vehicle is a fact that may be proved by circumstantial evidence, which inherently possesses the same probative value as direct evidence. *State v. Jenks*, 61 Ohio St.3d 259 (1991)"" *Crawford* at ¶ 18,

quoting *Barnard* at ¶ 29, quoting *State v. Haplin*, 2008-Ohio-4136, ¶ 24. The "operation" of the vehicle does not have to be witnessed but rather may be inferred from the circumstances surrounding the vehicle at the time of observation by the witnesses. *See, e.g., Sheppard* at ¶ 23; *Crawford* at ¶ 12-13; *Cleveland v. Fields*, 2016-Ohio-7398, ¶ 19 (8th Dist.).

{¶ 17} "Generally, any lay witness, including a police officer, may testify whether an individual appeared intoxicated." *Clark*, 2024-Ohio-4491, at ¶ 41 (8th Dist.), citing *State v. Clark*, 2007-Ohio-3777, ¶ 13 (8th Dist.), citing *State v. Schmitt*, 2004-Ohio-37, ¶ 12. To establish one's impaired driving ability, the prosecution may rely on physiological factors including slurred speech, bloodshot eyes, and the odor of alcohol as well as whether the individual exhibited a belligerent or combative demeanor. *Id.*, citing *Solon v. Hrivnak*, 2014-Ohio-3135, ¶ 17 (8th Dist.), and *State v. Assefa*, 2023-Ohio-385, ¶ 20 (1st Dist.). Moreover, "[f]ield sobriety tests are not required to prove an OVI conviction." *Id.*, citing *Hrivnak* at ¶ 17.

{¶ 18} The evidence presented at trial demonstrates that Rivers operated the vehicle. McCandless and Woznicki both testified that they observed Rivers in the front seat of the vehicle. McCandless testified without objection that he was told by Cleveland Fire Department personnel that Rivers had driven the vehicle into a fence and that when they tried to assist her, she drove a little further into the fence before they were able to direct her to drive to the side of the road. No one else was in the vehicle. Moreover, Rivers does not deny that she operated her vehicle, only that the

testifying officers did not see her operate her vehicle. Accordingly, we find that Cleveland sufficiently established this element of the offense.

{¶ 19} The testimony of McCandless and Woznicki also sufficiently demonstrate that Rivers was under the influence of alcohol. They both testified that they observed Rivers's inability to follow basic directions and her refusal to exit the vehicle. They both testified that she smelled of alcohol and that they smelled the odor of alcohol in her vehicle. Woznicki further testified that Rivers had slurred speech and was sweating profusely. These observations coupled with the fact that a beer bottle was present in her vehicle and that she had driven her car off the road and into a fence support the conclusion that she was under the influence of alcohol while operating her vehicle. Further, Ohio law does not require field-sobriety test results to support a conviction for driving under the influence of alcohol.

{¶ 20} Viewing the evidence in a light most favorable to the prosecution and believing that this evidence is true, we conclude that Cleveland has met its burden of production and has sufficiently established the necessary elements of the charge of operating a vehicle under the influence of alcohol.

### 3. Failure to Control

{¶ 21} Cleveland Cod.Ord. 431.34(a) states:

> No person shall operate a motor vehicle or motorcycle upon any street or highway without exercising reasonable and ordinary control over such vehicle.

In general, "[t]he offense of failure to control does not require, as an element of the offense, that the offender actually be involved in an accident that damages the

vehicle." *Sheppard*, 2016-Ohio-7393, at ¶ 26 (8th Dist.), citing *State v. Roberson*, 1996 Ohio App. LEXIS 6080, *3 (5th Dist. Oct. 28, 1996). "Rather, it is the reckless manner in which the driver operates his vehicle that established a violation of this offense." *Id.*, citing *id.* "In other words, the offense incorporates the ordinary standard of negligence as the requisite proof of culpability." *Id.*, citing *State v. Lett*, 2023-Ohio-3366, ¶ 12 (5th Dist.). "The statute merely requires the prosecution to show that the driver failed to reasonably control the vehicle . . . ." *State v. Houston*, 2018-Ohio-2788, ¶ 14 (7th Dist.). The offense may be established by direct or circumstantial evidence. *Cleveland v. Pate*, 2013-Ohio-5571, ¶ 20-21 (8th Dist.).

{¶ 22} As set forth above, McCandless's and Woznicki's testimony established that Rivers was in the driver's seat of the vehicle and that the vehicle had been driven off the road and into a nearby fence. They did not have to actually observe Rivers drive into the fence. Rather, the officers could infer this from their observation of the location of her vehicle — off the road and near a fence — as well as from information relayed to them by Cleveland Fire Department personnel regarding her continued attempt to operate the vehicle (again testimony not objected to by the defense at trial). Accordingly, we find that Cleveland presented sufficient evidence demonstrating that Rivers failed to exercise reasonable and ordinary control over her vehicle and is guilty of violating Cleveland Cod.Ord. 431.34(a) for failing to control her vehicle.

**B. Assignment of Error No. 2 — Manifest Weight**

{¶ 23} In her second assignment of error, Rivers argues that her convictions for driving under the influence and failure to control are against the manifest weight of the evidence. In support of her argument, Rivers again asserts that neither of the testifying police officers witnessed the accident nor conducted any field-sobriety or BAC tests and that Cleveland did not introduce at trial the beer bottle the officers observed in her vehicle. Based on our review of the record, we also conclude that this assignment of error lacks merit.

**1. Standard of Review — Manifest-Weight Challenge**

{¶ 24} "Although a court of appeals may determine that a judgment of a trial court is sustained by sufficient evidence, that court may nevertheless conclude that the judgment is against the weight of the evidence." *Thompkins,* 78 Ohio St.3d at 387. "A manifest weight challenge questions whether the prosecution met its burden of persuasion at trial." *Clark*, 2024-Ohio-4491, at ¶ 45 (8th Dist.). When a defendant asserts that a conviction is against the manifest weight of the evidence, an appellate court must "'review[] the entire record, weigh[] the evidence and all reasonable inferences, consider[] the credibility of witnesses, and determine[] whether, in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'" *Thompkins* at 387, quoting *State v. Martin*, 20 Ohio App.3d 172, 175 (1st Dist. 1983). A reversal on manifest-evidence grounds should "be granted 'only in the exceptional case in which the evidence weighs heavily

against the conviction.'" *Clark* at ¶ 45, quoting *Martin* at paragraph three of the syllabus.

**2. Driving Under the Influence and Failure to Control**

{¶ 25} Rivers raises essentially the same argument under her manifest-weight claim as she does in her sufficiency claim adding that the "trier of fact lost its way and created a [sic] such a manifest miscarriage of justice." However, based on the facts contained in the record and detailed above, we are unpersuaded. The testifying police officers provided competent, credible direct and circumstantial evidence supporting both of Rivers's convictions. Specifically, both officers testified regarding Rivers's condition immediately following the accident including slurred speech, profuse sweating, and the odor of alcohol both on her person and in her vehicle. They both testified that Rivers was unable to follow basic commands. Additionally, both officers observed a beer bottle in the front seat area of her vehicle. Further, as set forth above, neither field-sobriety tests nor blood-alcohol tests are required to support a conviction. The evidence at trial also clearly demonstrated that Rivers was in the front driver's seat of her vehicle and that the vehicle had been driven off the road and into a fence. On this record, we cannot conclude that her convictions for driving under the influence and failure to control are against the manifest weight of the evidence. This assignment of error is overruled.

{¶ 26} Judgment affirmed.

It is ordered that appellee recover from appellant the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cleveland Municipal Court to carry this judgment into execution. The defendant's convictions having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MICHELLE J. SHEEHAN, PRESIDING JUDGE

SEAN C. GALLAGHER, J., and
KATHLEEN ANN KEOUGH, J., CONCUR